STATE v. EDWARD ALEXANDER DUPREE.

(Filed 19 May, 1965.)

**1. Criminal Law § 99—**

On motion to nonsuit, the evidence for the State together with so much of defendant's evidence as tends to clarify or explain the State's evidence and which is not inconsistent therewith, must be considered in the light most favorable to the State, and defendant's evidence which tends to contradict or impeach the State's evidence must be disregarded.

**2. Automobiles § 64—**

The violation of G.S. 20-140 either by driving upon a highway without due caution and circumspection, or by driving at a speed or in a manner so as to endanger any person or property, is culpable negligence, but the mere unintentional violation of a statute governing the operation of a motor vehicle, unless accompanied by excessive speed or a heedless disregard of the safety and rights of others, does not constitute reckless driving.

**3. Automobiles § 65—**

Evidence tending to show merely a collision resulting from defendant's act in veering to the left of the center line of the highway and colliding

with a vehicle traveling in the opposite direction, without evidence of unlawful speed or any other act of negligence except the violation of G.S. 20-148, is insufficient to be submitted to the jury in a prosecution for reckless driving.

APPEAL by defendant from *Latham, S. J.,* 24 November 1964 Special Criminal Session of DURHAM.

Criminal prosecution on an indictment charging the reckless driving of an automobile in violation of G.S. 20-140(b). Defendant had been previously tried in the recorder's court of the county of Durham on a warrant charging him with the identical offense charged in the indictment here, found guilty, and from the sentence imposed he appealed to the superior court.

Plea: Not guilty. Verdict: Guilty as charged.

From the judgment imposed, defendant appealed to the Supreme Court.

*Attorney General T. W.. Bruton and Staff Attorney L. P. Hornthal, Jr., for the State.*
*C. C. Malone, Jr., for defendant appellant.*

PARKER, J. The indictment charges that defendant on 25 July 1964 did unlawfully and wilfully drive a motor vehicle upon a public highway of the State of North Carolina without due caution and circumspection and at a speed and in a manner so as to endanger and be likely to endanger persons and property. The indictment follows verbatim the definition of reckless driving of an automobile as stated in G.S. 20-140(b). G.S. 20-140(c) provides that any person convicted of reckless driving shall be punished by imprisonment or by a fine, or by both imprisonment and fine in the court's discretion.

Both the State and defendant introduced evidence. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of all the evidence. The State's evidence shows the following facts:

Angier Avenue in the county of Durham runs east and west. Stone Road runs north and south, and intersects Angier Avenue. About 7:30 p.m. on 25 July 1964, Norman Lee Taylor was driving his automobile 35 or 40 miles an hour east on Angier Avenue and approaching its intersection with Stone Road. His headlights were on dim. About 40 feet in front of him he saw an automobile with its headlights on, driven by defendant Dupree west on Angier Avenue, coming out of a curve at the crest of a hill, and approaching him at a high rate of speed "approximately in the center of his part of the lane." He tried to get out of the way of the approaching automobile by pulling over to the

right as far as he could. Taylor testified: "His car was right at the intersection of Stone Road and Angier Avenue just a little over the edge of the pavement on the right-hand side of Angier Avenue when the collision occurred." The point of impact on his automobile was mostly on its left front. After the collision his automobile came to rest about three feet from the center line in the intersection of Stone Road. Defendant's automobile came to rest about 100 yards from his automobile on a railroad track. The left front part of defendant's automobile was damaged in the collision. Taylor's left arm was cut and fractured in the collision.

William F. Brown, a State highway patrolman, arrived at the scene of the collision about 8 p.m. Taylor and defendant were there on his arrival. He testified in substance: Defendant told him he was driving 40 miles an hour, that as he came around the hill Taylor's bright lights blinded him. Taylor told him he met an automobile traveling at a high rate of speed on the approaching automobile's left side of the road, that he began to pull off the road and was struck by the automobile as it went by. Brown talked to two women occupants of defendant's automobile at the emergency room of Duke Hospital, and they said as they came around a curve an approaching automobile had bright lights on, and they collided. The speed limit along Angier Avenue is 45 miles per hour from the city limits to Bethesda.

Defendant's evidence is to this effect: He was driving his automobile at a speed of 40 or 45 miles an hour west on Angier Avenue and approaching the city limits of Durham. He came over a hill, was approaching a curve, and saw an automobile meeting him whose lights were so bright they impaired his vision. He felt the impact of the collision, and does not remember much else. He could not truthfully say where his automobile was on the road in reference to the center line at the point of collision, but prior to the collision he was on his side of the road. Two women were passengers in defendant's automobile, and their testimony is to the effect that Taylor's approaching automobile had very bright lights. Both were injured in the collision.

In relying upon a motion for judgment of compulsory nonsuit in a criminal case after all the evidence on both sides is in, the court must consider the evidence for the State in the light most favorable to it, and may consider so much of defendant's evidence as is favorable to the State or tends to clarify or explain evidence offered by the State not inconsistent therewith; but it must ignore defendant's evidence which tends to establish another and different state of facts or which tends to contradict or impeach the State's evidence. *S. v. Nall*, 239 N.C. 60, 79 S.E. 2d 354; *S. v. Roop*, 255 N.C. 607, 122 S.E. 2d 363. Applying this rule on the motion here, we consider as true the State's evi-

dence that Taylor's headlights were on dim, and ignore defendant's evidence that Taylor's headlights were very bright, and so bright they impaired his vision.

In *Dunlap v. Lee*, 257 N.C. 447, 126 S.E. 2d 62, the Court, speaking by Moore, J., said: "A person may violate the reckless driving statute [G.S. 20-140] by either one of the two courses of conduct defined in subsections (a) and (b), or in both respects. [Citing authority.] The language of each subsection constitutes culpable negligence. [Citing authority.] * * * A person who drives a vehicle upon a highway without due caution and circumspection *and* at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving. G.S. 20-140 (b). Mere failure to keep a reasonable lookout does not constitute reckless driving. To this must be added dangerous speed or perilous operation.''

According to the State's evidence considered in the light most favorable to it, the collision occurred in a 45-mile speed zone. Taylor's automobile, about 7:30 p.m., was traveling east on Angier Avenue at a speed of 35 or 40 miles an hour. Defendant's automobile, at the same time, was traveling west on Angier Avenue at a high rate of speed, but there is no evidence it was going over 45 miles an hour. Both automobiles were approaching the intersection of Angier Avenue and Stone Road. The collision occurred in the intersection by reason of defendant's automobile meeting and colliding with Taylor's automobile on the left of defendant's lane of traffic. The State's evidence shows defendant violated the provisions of G.S. 20-148, which provides, "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible." Taylor first saw defendant's automobile about 40 feet in front of him. There is no evidence defendant's automobile was on its left side of the center line in the road before Taylor saw it. To be guilty of a violation of subsections (a) and (b) of G.S. 20-140, one must be guilty of conduct in the operation of his automobile which evidences a disregard for the rights and safety of others. It is sometimes difficult to draw the line between unintentional or inadvertent violations of statutory regulations governing the operation of motor vehicles, and those instances where the act is done intentionally, heedlessly, and in a manner likely to endanger persons or property. The mere fact that defendant's automobile was on the left of the center line in the direction it was traveling when the collision occurred, without any evidence that it was being operated at a dangerous speed or in a perilous manner, except being on the wrong side of the road some 40 feet before the collision, does not show on defendant's part an intentional or wilful violation of G.S. 20-140 (b), or an uninten-

tional violation of this subsection of the statute accompanied by such recklessness or carelessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting to a thoughtless disregard of consequences or a heedless indifference to the safety of others as imports criminal responsibility under the provisions of this subsection of the statute, and does not make out a case of reckless driving as defined in this subsection of the statute sufficient to carry the case to the jury.

The facts in *S. v. Stansell*, 203 N.C. 69, 164 S.E. 580, are distinguishable. In that case the defendant was operating his automobile on the wrong side of the road, at an unlawful rate of speed, while intoxicated.

The trial court erred in denying defendant's motion for judgment of compulsory nonsuit.

Reversed.