Edward T. Sullivan, J.
Appellant was convicted on November 4, 1970 of the misdemeanor crime of reckless driving, in violation of section 1190 of the Vehicle and Traffic Law, after trial without a jury in a Court of Special Sessions (Phillips, J.) of the Town of Ballston. After her conviction appellant paid a $25 fine. Procedurally, defendant has properly perfected the appeal from each and every part of said judgment of conviction.
On the appeal to County Court, an intermediate appellate court, the prosecution and the defense could not agree as to which information, UTC issued early or long form issued the *299 night of the trial. Both, however, in oral argument, and the defense in the memorandum of law submitted in support of the appeal, referred to supporting depositions. The latter were attached only to the long form information. County Court concludes that the issue proceeded to trial on the long form information supported by the depositions.
Point 1 raised by appellant for reversal is that the trial court lacked jurisdiction to convict because the information was defective. This contention is rejected and the information is held to be legally sufficient. It alleges that the manner of driving by the defendant, ‘ ‘ unreasonably interfered with the free use and proper use of the public highway and unreasonably endangered other users of the public highway ’ ’ and continues to allege two factual allegations of the manner of the operation of the vehicle by the defendant to equate with the statutory definition of this criminal offense. These are driving the car off the road to the right, turning left, crossing the center line of a two-lane highway whereupon the southbound vehicle of the defendant collided head on with a northbound vehicle. It alleges the crime; the underlying acts which allegedly constitute the crime; and a determination under this information would certainly proscribe the defendant from being placed in criminal jeopardy again for the same incident. If the proof presented demonstrated beyond a reasonable doubt that this manner of driving, “ unreasonably interfered” or “unreasonably endangered” so as to demonstrate a reckless and wanton disregard of the consequences of these acts and an indifference to the rights of others to the trier of the facts, the court could make such findings and conclude properly that the defendant was guilty of reckless driving as charged.
Before proceeding to the question of the sufficiency of the proof raised in point 3 by the appellant, this court finds and holds that the procedures followed by the trial court on the trial date were not defective and that the trial court did not lack jurisdiction of the case. Briefly, the record shows that the defendant appeared in response to a traffic ticket, was advised of her rights, and elected to seek an adjournment for counsel. After interim adjournments, the trial date arrived and the long form information supported by attached depositions, all dated on the trial date, were filed. Although it is hard to follow, the docket sheet does indicate on close scrutiny that the prior expressed rights which were exercised were waived the second time when the long form information was filed, but that the arraignment itself on the new informa *300 tion was held and a plea of not guilty was made. Defendant was present with counsel and could waive the right to an adjournment. The other essential, nonwaivable procedural steps were taken according to the face of the docket entries, which are presumed to validly recite the procedures followed. Inconsistencies, if any, were harmless, substantially complied with section 699 of the former Code of Criminal Procedure, and cannot be said to constitute a deprivation of due process.
The third point raised by appellant for reversal is the sufficiency of proof presented at trial to support the charge of reckless driving. At the close of the case for the People, the defense motion to dismiss for lack of evidence was denied. At the close of the whole case, the trial court made no findings of facts as to the essential statutory elements of this crime in the terms that the Legislature has attempted to define it, nor in relation to the judicial interpretation of the legislative enactment, which have been held to be essential for conviction by the appellate courts of this State. The Court of Appeals has refused to hold the statute unconstitutional for vagueness, but this is not to say that the statute is particularly clear in its terms. It is couched in generalities and obviously requires interpretation. Among others, the appellate court interpretations have held that reckless driving calls for evidence showing something more than mere negligence which would entitle recovery of damages in a civil action. (People v. Devoe, 246 N. Y. 636.) Further, driving in excess of the speed limit by itself is not reckless driving. (People v. Angelo, 246 N. Y. 451.) In People v. Grogan (260 N. Y. 138) among other things, the court held that a motorist cannot be convicted for striking another car; that mere collision is insufficient. People v. Angelo (supra) also said that reckless driving means the disregard of the consequences which may ensue from the act and indifference to the rights of others. Further, the appellate courts of this State have pointed out that reckless driving is statutorily defined as a misdemeanor and is therefore a crime. By far the vast quantity of forbidden actions on the highway with a motor vehicle contained in the Vehicle and Traffic Law are less than crimes and are placed lower on the scale of penal sanctions, being classified as mere violations. If one or more of these proscribed acts with a motor vehicle or the operation of a motor vehicle occurs, it or they may be specifically charged against a motorist as specific violations or infractions. Conviction of these brings no criminal record upon the offender. An accumulation of these beyond a fixed numerical limit can bring about loss of *301 operating privileges or rights, which is admittedly severe punishment in most cases, but it nevertheless does not carry the stigma and burden of a criminal record.
It follows that considerably more than mere negligence, than mere minor traffic violations or infractions, and more than the fact of a collision must be found in order to sustain a conviction of reckless driving. The trial court’s only conclusory finding was as follows: ‘ ‘ After hearing all the testimony of the witnesses and defendant in this case, it is the opinion of this court that the People have proven beyond any doubt that the defendant is proven guilty.” Implicit in the conviction is or should be that all of the necessary elements of the crime as defined in the statute and as interpreted, embellished or limited, by the appellate courts of this State, have been found. County Court, as intermediate appellate court, has reviewed the entire record including the transcript of the trial testimony. The testimony of the witnesses for the People and the testimony of the defendant, who testified in her own defense, do establish that the defendant turned off the right side of the road, did return to her southbound lane of traffic, did cross the center line, did enter the northbound lane of traffic, and that a collision with a northbound vehicle did occur. The record shows that a southbound car, two or three vehicles ahead of the defendant, stopped on the travel portion of the highway, apparently to make a left turn. Two or three vehicles stopped behind it. The evidence demonstrates that the defendant was traveling some 500 feet behind the car ahead of her and was traveling within the speed limit. It was after dark and there was no issue as to the vehicular running lights. The driver of the car ahead of the defendant testified that he saw the defendant’s headlights dip before he saw her car go off the road to the right. The defendant testified that when she realized the car ahead of her was stopped and that the original 500 feet of clearance was rapidly being shortened, she applied her brakes. This deceleration is borne out by the testimony of the northbound vehicle with which the defendant’s vehicle collided. He testified that he was traveling at the speed limit. Other testimony indicated that after the impact the defendant’s car was driven backward and across its own lane and into the ditch on its right side of the road. Speed was, therefore, not an element of this alleged crime.
The uncontradicted testimony of the defendant in explaining her turn off the right side of the highway was that she tried to avoid a collision by attempting to turn into a private *302 driveway on her right side. When she realized this was not a possibility, she turned left, still trying to avoid a collision with the car in front of her vehicle. In doing so, she crossed into the other lane and a collision with the northbound vehicle occurred. Obviously she did interfere with and did endanger the northbound lane and the legal users thereof. However, can it be said that this was unreasonable to the extent that it constituted a criminal act?
In the opinion of the intermediate appellate court, the trial testimony fully considered by it, does not give a word picture of a motor vehicle operator driving her vehicle without regard to the rights, privileges or consequences of others properly using the highway. On the contrary, the testimony demonstrates that she was deeply concerned with the consequences of the situation which had arisen on that highway and actually drove her vehicle in such a manner as to demonstrate that she was attempting to avoid a collision. This is obvious as to the car in her lane ahead of her proceeding in the same direction. Her next maneuver, the turn to the left; ffid accomplish the avoidance of a collision with the car ahead of her, but resulted in a more severe impact with a vehicle traveling at legal speed in the opposite direction. The turning to the left may not have been the exercise of the best judgment, but it was not in and of itself sufficient to constitute reckless driving. Then, did she act recklessly in placing herself in this position where the split-second exercise of judgment was in error? It is held that she was not, according to the trial transcript of the testimony, acting or failing to act so as to constitute a reckless and wanton disregard of the consequences of her act and so as to demonstrate an indifference to the rights of others.
The judgment of conviction is reversed upon the law and the facts herein considered in that the trial evidence was legally insufficient to support the conviction. Pursuant to subdivision 2 of CPL 470.20 the information with supporting depositions upon which the defendant was tried is dismissed and the preliminary short form information or complaint under the HTC procedure is also dismissed. The fine shall be ordered to be remitted to the defendant. The order shall provide for the deletion of this conviction of reckless driving from the records of this defendant in the New York State Motor Vehicle Department.