**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Keith HARTLEIB, Defendant and Appellant.**

**Cr. No. 913.**

Supreme Court of North Dakota.

June 30, 1983.

Russel G. Robinson [argued], of McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant.

Glenn Dill, Asst. State's Atty., Kenmare, for plaintiff and appellee.

PAULSON, Justice.

Keith Hartleib appeals from a judgment of conviction entered against him by the Ward County Court on January 3, 1983, finding him guilty of class B misdemeanor reckless driving. We affirm.

The evidence, viewed in the light most favorable to the trial court's judgment of conviction, reveals that on October 24, 1982, Hartleib spent the evening at his brother's garage in Sawyer repairing cars with Ronald Palmer and others. After they had completed their work, at approximately 2 a.m., Hartleib and Palmer decided to go home and they left in Hartleib's pickup truck. On the way to Minot, the men noticed several vehicles at the "Goheen Ranch", so they stopped to "see what was going on". They stayed at the Goheen ranch for approximately 15 to 20 minutes before leaving, at 3:15 a.m. Hartleib was driving.

At about the same time, Tim Klein and Diane Yuly also left the Goheen ranch in a vehicle driven by Klein. The Klein vehicle was following the Hartleib vehicle. According to Yuly, the Hartleib vehicle was swerving back and forth on the road. Yuly testified that as they were travelling west on Highway 52, Klein attempted to pass Hartleib's vehicle because of Hartleib's erratic driving.[1] Yuly stated that as they attempted to pass Hartleib's pickup truck, it swerved toward them and "ran us in the ditch".

---

1. Yuly testified as follows regarding the reason for Klein's attempt to pass Hartleib's pickup truck:

"Q [By Richard H. McGee II, defense counsel] Now if I understand your testimony correctly, Mr. Kline's [sic] vehicle tried to pass the Hartlieb [sic] vehicle right on the gravel road that leads to the highway?
"A Correct.

"Q And he again tried to pass him on the highway?
"A Yeah.
"Q Were you in some kind of hurry?
"A No, I guess we just wanted to get in front of him, because he had been swerving back and forth on the road. It felt safer to be in front of him, rather than behind him."

Hartleib then turned his vehicle around and proceeded east in the westbound lane of the highway toward the Klein vehicle which was still in the ditch. Before the Hartleib vehicle came to a stop, Klein drove his car out of the ditch and collided with Hartleib's pickup truck. The occupants in each of the vehicles were injured.

Hartleib was charged with driving under the influence of intoxicating liquor, pursuant to § 39–08–01 of the North Dakota Century Code; and reckless driving, pursuant to § 39–08–03, N.D.C.C. Hartleib was tried before the court without a jury on November 15, 1982. In a letter opinion dated December 14, 1982, the trial court found Hartleib not guilty of driving while under the influence of intoxicating liquor, but found him "guilty as charged of reckless driving". In support of its finding of guilty as to the reckless driving charge, the trial court stated:

"The testimony of State's witness, Palmer, and State's witness, Yuly, as well as Defendant's Exhibit 'A' and Defendant's Exhibit 'B' clearly indicates that the Defendant was proceeding east in the westbound lane of a two lane highway at the time of the near head on collision. I have no problem finding that such driving was in reckless disregard of the rights or safety of others and driving in a manner so as to endanger or likely endanger other persons or property of other persons."

Judgment was entered on January 3, 1983, and Hartleib was sentenced to serve ten days in jail with all ten days suspended on the condition that he complete a defensive driving course. He was also fined $250, ordered to pay $50 in costs, and assessed eight points against his driving record.

In his appeal, Hartleib contends that the trial court erred in finding him guilty of reckless driving. More specifically, he contends that the trial court's stated "finding" that his proceeding east in a westbound lane at the time of the collision constituted reckless driving is insufficient to sustain the conviction. Hartleib further argues that our court is limited to considering only the evidence mentioned by the trial court in its letter opinion in determining whether or not the evidence is sufficient to support the judgment of conviction.

█ Although in all civil actions tried to the court without a jury the trial court is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment" [Rule 52(a) of the North Dakota Rules of Civil Procedure], no such requirement exists in a criminal setting in regard to the ultimate determination of guilt or innocence. Likewise, our court's function differs in civil and criminal appeals. In civil appeals we do not set aside a finding of fact unless it is clearly erroneous. Rule 52(a), N.D.R.Civ.P. On the other hand, in reviewing a judgment of conviction in a criminal appeal to determine whether or not the evidence is sufficient to establish guilt beyond a reasonable doubt, our duty is to determine whether or not there is substantial evidence to warrant a conviction. *E.g., State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982); *State v. Engebretson,* 326 N.W.2d 212, 215 (N.D.1982); *State v. Rieger,* 281 N.W.2d 252, 254 (N.D.1979); *State v. Steele,* 211 N.W.2d 855, 870 (N.D.1973). Accordingly, we do not believe the trial court's gratuitous letter opinion in the instant case, in which the judge set forth one reason for his finding of guilt, limits our court from considering the entire record to determine if substantial evidence exists to support the judgment of conviction.

We now turn to the determination of whether or not there exists substantial evidence to support the conviction. Section 39–08–03, N.D.C.C., under which Hartleib was convicted, provides in part pertinent to the instant case, as follows:

"*39–08–03. Reckless driving—Aggravated reckless driving—Penalty.* Any person shall be guilty of reckless driving if he drives a vehicle:

"1. Recklessly in disregard of the rights or safety of others; or

"2. Without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endan-

ger any person or the property of another.

"Except as otherwise herein provided, any person violating the provisions of this section shall be guilty of a class B misdemeanor."

 We have carefully reviewed the entire record and conclude that there is competent and substantial evidence to show that Hartleib drove recklessly in disregard of the rights and safety of others and without due caution and in a manner so as to endanger or be likely to endanger another person or the property of another. In addition to the fact that Hartleib was driving east in the westbound lane of travel at the time of the collision, the evidence also indicates that he was swerving back and forth on the roadway while driving in front of the Klein vehicle and that he swerved so as to force Klein off the road when Klein attempted to pass him.

 Although Hartleib contends that he was not swerving back and forth on the roadway and that, at the time of the collision, he was driving in the wrong lane of travel because he was attempting to lend assistance to the potentially injured persons,[2] this court does not weigh conflicting evidence or judge the credibility of witnesses on appeals challenging the sufficiency of the evidence. *E.g., State v. Christian,* 328 N.W.2d 815, 818 (N.D.1982); *State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982).

For the reasons stated in this opinion, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

2. Hartleib relies upon *People v. Orlofsky,* 70 Misc.2d 298, 332 N.Y.S.2d 778 (Saratoga Cty. Ct.1972) and *State v. Dupree,* 264 N.C. 463, 142 S.E.2d 5 (1965) for the proposition that a person driving his vehicle in a manner which demonstrates, not reckless disregard, but concern for the situation and potential dangers arising from the situation cannot be found guilty of reckless driving just because he was driving in the wrong lane of travel to act upon that concern at the time of a collision. Those cases, however, are distinguishable from the instant case because the record contains evidence that Hartleib was swerving back and forth on the roadway and eventually swerved so as to force the Klein vehicle off the road into the ditch prior to the collision. Thus, we are not faced with the issue of whether or not Hartleib's driving east in the westbound lane of travel in an attempt, as he claims, to lend assistance to the occupants of the Klein vehicle, is evidence sufficient, in and of itself, to support his conviction. Accordingly, we do not decide that question today.