STATE OF NORTH CAROLINA v. NATHAN NORWOOD NORRIS, JR.

No. 486A05

(Filed 30 June 2006)

## 1. Appeal and Error— appealability—*Blakely* issue—dissent in Court of Appeals—presentation in Court of Appeals brief

The State's appeal of a *Blakely* issue was properly before the Supreme Court even though defendant raised his *Blakely* claim through a motion for appropriate relief filed with the Court of Appeals because (1) the State had a right to appeal when there was a dissent on the issue in the Court of Appeals, N.C.G.S. § 7A-30; and (2) defendant pressed his *Blakely* claim in the Court of Appeals both in the motion for appropriate relief and in his appellate brief, and nothing in N.C.G.S. § 15A-1422 prohibits the Supreme Court from addressing issues presented in a party's brief in the Court of Appeals.

## 2. Sentencing— presumptive sentence—failure to submit aggravating factors to jury

A trial court did not violate defendant's Sixth Amendment right to a jury trial in a first-degree arson case, as construed in *Blakely v. Washington*, 542 U.S. 296 (2004), and *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), when it found an aggravating factor but sentenced defendant within the presumptive range, because: (1) judicial fact-finding does not trigger the Sixth Amendment right to jury trial so long as trial courts sentence inside the presumptive or, a fortiori, the mitigated range; and (2) although the Structured Sentencing Act directed the trial court to find aggravating and mitigating factors only if sentencing outside the presumptive range, the court's actions did not jeopardize the values underlying the Sixth Amendment since the trial court in finding aggravating and mitigating factors merely exercised the discretion our legal system has always demanded of individuals charged with passing judgment on their fellow citizens.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 172 N.C. App. 722, 617 S.E.2d

298 (2005), finding no prejudicial error in defendant's trial, which resulted in a judgment imposing a sentence of fifty-one to seventy-one months imprisonment entered by Judge Gary L. Locklear on 3 October 2003 in Superior Court, Robeson County, but remanding the case for resentencing. Heard in the Supreme Court 15 February 2006.

*Roy Cooper, Attorney General, by Christopher W. Brooks, Assistant Attorney General, for the State-appellant.*

*Nora Henry Hargrove for defendant-appellee.*

NEWBY, Justice.

The issue is whether the trial court violated the defendant's Sixth Amendment right to jury trial, as construed in *Blakely v. Washington*, 542 U.S. 296 (2004), and *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), when it found an aggravating factor but imposed a sentence within the presumptive range. Because we hold these facts do not implicate the Sixth Amendment, we reverse the Court of Appeals.

## I. BACKGROUND

Following his indictment for first-degree arson, defendant was tried during the 30 September 2003 Criminal Session of Robeson County Superior Court. Evidence introduced at trial showed that, on 29 January 2003, defendant's wife, Jessica Wood ("Jessica"), informed defendant she no longer loved him. Defendant thereafter drove Jessica to a mobile home in St. Pauls where Jessica's mother, Peggy Wood ("Ms. Wood"), lived with her son (age twelve) and other daughter (age seventeen). The couple argued during the drive, and as Jessica left the automobile, defendant said, "If I was you, I'd sleep light tonight." Defendant made his way to a service station, where he partially filled a twenty-ounce bottle with gasoline. Defendant returned to Ms. Wood's residence and poured the gasoline onto one of its walls. He used a lighter to ignite the fuel and then fled the scene. Hearing an explosion, Ms. Wood awoke and saw flames through her bedroom window. She roused her children, and the family escaped outside. The mobile home sustained fire and smoke damage to its exterior.

On 3 October 2003, a jury convicted defendant of first-degree arson. Explaining it planned to sentence in the presumptive range, the trial court expressed uncertainty as to whether it should find

aggravating and mitigating factors. After the prosecutor recommended making findings, the trial court found as a statutory aggravating factor that defendant had "knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." N.C.G.S. § 15A-1340.16(d)(8) (2005). The court also found multiple statutory mitigating factors: (1) prior to arrest defendant had "voluntarily acknowledged [his] wrongdoing to a law enforcement officer"; (2) defendant enjoyed a "support system in the community"; and (3) he possessed a "positive employment history or [was] gainfully employed." *Id.* § 15A-1340.16(e)(11), (18), (19). The court weighed the one aggravating factor against the three mitigating factors and sentenced defendant to imprisonment for fifty-one to seventy-one months, a sentence within the presumptive range.

In 2004, while defendant's appeal to the Court of Appeals was pending, the United States Supreme Court announced its decision in *Blakely v. Washington.* There, the Supreme Court held that a trial court violates a defendant's Sixth Amendment right to jury trial if it finds any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum.[1] 542 U.S. at 301. According to *Blakely,* unless the defendant admits to them, such facts must be submitted to a jury and proved beyond a reasonable doubt. *Id.* This Court first applied *Blakely* in *State v. Allen,* concluding therein that *Blakely* errors entail mandatory resentencing.[2] 359 N.C. at 449, 615 S.E.2d at 272 ("We further hold that the harmless-error rule does not apply to sentencing errors which violate a defendant's *Sixth Amendment* right to jury trial pursuant to *Blakely.* [These] errors are structural and, therefore, reversible *per se.*").

1. The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. *See Duncan v. Louisiana,* 391 U.S. 145, 152-54 (1968) (holding the Due Process Clause of the Fourteenth Amendment extends the right to jury trial to defendants in serious criminal cases in state courts). More explicit than the Sixth Amendment, the North Carolina Constitution provides that, except when the crimes alleged are misdemeanors, "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24.

2. Subsequent to the decision of the Court of Appeals in the case *sub judice,* and contrary to *Allen,* the United States Supreme Court held that *Blakely* errors are not structural errors. *Washington v. Recuenco,* 2006 WL 1725561 (U.S. June 26, 2006). Accordingly, such errors do not require reversal if harmless beyond a reasonable doubt. *Id.* Because we conclude the trial court's conduct did not constitute *Blakely* error, *Recuenco* has no bearing on our resolution of the instant case.

In response to *Blakely*, defendant argued on appeal that the trial court erred by not submitting the aggravating factor to the jury.[3] On 16 August 2005, a divided Court of Appeals agreed and characterized the trial court's failure to refer the aggravating factor to the jury as *Blakely* error even though the court sentenced defendant in the presumptive range. *State v. Norris*, 172 N.C. App. 722, 729, 617 S.E.2d 298, 303 (2005). Relying on *Allen*, the majority remanded the case to the trial court with instructions to submit any aggravating factor to the jury before resentencing. *Id.* at 731, 617 S.E.2d at 304. The dissent maintained no new sentencing hearing was needed inasmuch as "neither *Blakely* nor *Allen* [is] implicated unless the trial judge imposes a sentence in excess of the statutory maximum based upon facts which were neither admitted by defendant nor found by a jury." *Id.* at 733, 617 S.E.2d at 305 (Steelman, J., concurring in part and dissenting in part).

On 1 September 2005, the State filed a motion for temporary stay, a petition for writ of supersedeas, and a notice of appeal with this Court. We allowed the motion for temporary stay on 6 September 2005 and the petition for writ of supersedeas on 3 November 2005. On 15 February 2006, defendant filed a motion to dismiss the State's appeal.

## II. MOTION TO DISMISS

**[1]** We review the decision of the Court of Appeals solely to determine whether the trial court violated defendant's Sixth Amendment right to jury trial. N.C. R. App. P. 16(b) ("Where the sole ground of the appeal of right is . . . a dissent in the Court of Appeals, review by the Supreme Court is limited to . . . those questions which are . . . specifically set out in the dissenting opinion . . . ."). Before continuing, however, we first consider defendant's motion to dismiss. Defendant alleges he raised his *Blakely* claim through a motion for appropriate relief filed with the Court of Appeals. Since N.C.G.S. § 15A- 1422(f) provides that most Court of Appeals decisions on motions for appropriate relief are final and not subject to further review, defendant insists this Court is barred from entertaining the State's appeal.

We have previously noted that N.C.G.S. § 15A-1422 cannot circumscribe this Court's "constitutionally granted power to 'issue any

---

3. Defendant also argued the trial court erred by denying his motion to dismiss the charge of first-degree arson and his request for a jury instruction on attempted arson. The Court of Appeals unanimously affirmed the trial court on both counts, and those issues are not before us. N.C. R. App. P. 16(b).

**STATE v. NORRIS**

[360 N.C. 507 (2006)]

remedial writs necessary to give it general supervision and control over the proceedings of the other courts.' " *Allen*, 359 N.C. at 429, 615 S.E.2d at 260 (quoting N.C. Const. art. IV, § 12, cl. 1). Yet we need not take the unusual step of invoking our supervisory authority under Article IV of the North Carolina Constitution. Section 7A-30 of the General Statutes clearly affords the State an appeal of right. N.C.G.S. § 7A-30(2) (2005) (providing an appeal of right when there is a dissent in the Court of Appeals). Furthermore, defendant pressed his *Blakely* claim at the Court of Appeals both in a motion for appropriate relief *and* in his appellate brief. *Norris*, 172 N.C. App. at 729, 617 S.E.2d at 303 ("In his brief as well as in a motion for appropriate relief . . . . [d]efendant asserts that his sentence should be remanded due to the trial court's failure to submit the aggravating factor to the jury for proof beyond a reasonable doubt."). Nothing in N.C.G.S. § 15A-1422 prohibits us from addressing issues presented in a party's brief to the Court of Appeals. Thus, the State's appeal is properly before this Court.

## III. ANALYSIS

Along with other state legislatures, our General Assembly has enacted laws intended to produce consistency in criminal sentencing. *Allen*, 359 N.C. at 430, 615 S.E.2d at 260 (observing North Carolina's move away from indeterminate sentencing resulted from " 'a perceived evil of disparate sentencing, and . . . a perceived problem in affording trial judges and parole authorities unbridled discretion in imposing sentences' " (citations omitted)). *See generally* Michael Tonry, *Obsolescence and Immanence in Penal Theory and Policy*, 105 Colum. L. Rev. 1233, 1245 (2005) (discussing various motives behind states' abandonment of indeterminate sentencing). The North Carolina Structured Sentencing Act ("the Structured Sentencing Act" or "the Act") was crafted, at least in part, to ensure "punishment [is] commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability." N.C.G.S. § 15A-1340.12 (2005).

The Act attempts to achieve its objectives by requiring that trial courts specify minimum and maximum terms of imprisonment for felony convictions. *See id.* § 15A-1340.13(c) (2005). A sentencing chart makes the potential minimum sentences available in a given case contingent on the offense class of the felony (A-I) and the defendant's prior record level (I-VI). *Id.* § 15A-1340.17(c) (2005). For each combination of offense class and prior record level, the chart

sets forth potential minimum sentences in aggravated, presumptive, and mitigated ranges. *Id.* The trial court must select a minimum sentence from the presumptive range unless it determines aggravating factors justify a more severe sentence or mitigating factors warrant a less severe sentence. N.C.G.S. § 15A-1340.16(b) (2005). Once the trial court has settled on a minimum punishment, it must ordinarily refer to a separate chart for the corresponding maximum. *Id.* § 15A-1340.17(d), (e), (e1) (2005).

Notwithstanding the provisions described above, trial courts retain considerable discretion during sentencing. The range of potential sentences for some combinations of offense class and prior record level is quite large. For example, the presumptive range of minimum punishments for a defendant who stands convicted of a Class C felony, such as first-degree kidnapping, and who has a prior record level of VI is 135 to 168 months imprisonment. *Id.* § 15A-1340.17(c). Depending on the presumptive minimum sentence imposed, the statutory maximum for the same defendant could be as low as 171 or as high as 211 months. *Id.* § 15A-1340.17(e). Although sentences in the aggravated range require findings of aggravating factors and those in the mitigated range findings of mitigating factors, the trial court is free to choose a sentence from anywhere in the presumptive range without findings other than those in the jury's verdict. Even assuming evidence of aggravating or mitigating factors exists, the Act leaves the decision to depart from the presumptive range "in the discretion of the trial court." *Id.* § 15A-1340.16(a) (2005). Moreover, and despite the advice the trial court received, while the Act directs trial courts to consider evidence of aggravating or mitigating factors in every case, it further instructs the courts to make findings of the aggravating and mitigating factors "only if, in [their] discretion, [they] depart[] from the presumptive range."[4] *Id.* § 15A-1340.16(c) (2005).

**[2]** In the case *sub judice*, a jury convicted defendant of first-degree arson, a Class D felony. *Id.* § 14-58 (2005). Since defendant had a prior record level of I, the Act capped his maximum presumptive sentence at eighty-six months. Having found an aggravating factor, the trial court nonetheless imposed a sentence of fifty-one to seventy-one months, punishment at the bottom of the presumptive range. The Court of Appeals majority ruled the sentence unconstitutional inas-

---

4. For this reason, AOC form CR-601 (Rev. 3/02), "Judgment and Commitment Active Punishment Felony (Structured Sentencing)," indicates trial courts need not make written findings "if sentencing is within the presumptive range."

much as the judge, not the jury, found the aggravating factor.[5] To resolve this case, we must decide whether a trial court contravenes a defendant's Sixth Amendment right to jury trial when it finds an aggravating factor but sentences within the presumptive range.

In *Blakely v. Washington*, the United States Supreme Court evaluated the constitutionality of a statutory scheme allowing trial courts to enhance a defendant's sentence upon finding certain facts. The *Blakely* defendant pleaded guilty to second-degree kidnapping involving domestic violence and a firearm. 542 U.S. at 298-99. Washington State's Sentencing Reform Act specified a " 'standard range' " of forty-nine to fifty-three months for the offense; however, the Sentencing Reform Act authorized the trial court to exceed the standard range if it found " 'substantial and compelling reasons justifying an exceptional sentence.' " *Id.* at 299 (quoting Wash. Rev. Code Ann. § 9.94A.120(2) (West 2000)). Finding the defendant had acted "with 'deliberate cruelty,' a statutorily enumerated ground for departure in domestic-violence cases," the trial court imposed an exceptional sentence of ninety months imprisonment. *Id.* at 300.

The Supreme Court reversed, holding Washington's sentencing procedure violated the defendant's Sixth Amendment right to jury trial. In so doing, the Court cited *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the proposition that a trial court violates the Sixth Amendment if it finds any fact, other than the fact of a prior conviction, and relies on that fact to impose a sentence "greater than the [statutory] maximum." 542 U.S. at 303. The Court defined "statutory maximum" as the most severe sentence a judge may impose based entirely on facts admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* The Court went on to hold the trial court had impermissibly inflicted punishment beyond the statutory maximum without first submitting the fact warranting enhancement to the jury. 542 U.S. at 303-05.

Our Court confronted its first *Blakely* challenge to the Structured Sentencing Act in *State v. Allen*. There, a jury convicted the defendant of felony child abuse inflicting serious bodily injury. 359 N.C. at

---

5. A different panel of the Court of Appeals reached the opposite conclusion in *State v. Garcia*, — N.C. App. —, 621 S.E.2d 292 (2005). The trial court in that case found both aggravating and mitigating factors but imposed sentence inside the presumptive range. *Id.* at —, 621 S.E.2d at 298. The Court of Appeals held this action did not constitute *Blakely* error. *Id.* at —, 621 S.E.2d at 298 ("[S]ince [d]efendant's sentence falls within the presumptive range, the trial court's findings of aggravating factors not admitted by [d]efendant or submitted to the jury did not violate *Blakely*.").

427, 615 S.E.2d at 258. The Act capped the defendant's presumptive sentence at 129 months. *Id.* at 427, 615 S.E.2d at 259. Pursuant to the version of the Act then in effect, the trial court found as a statutory aggravating factor that the crime was especially heinous, atrocious, or cruel and imposed an aggravated sentence of 115 to 147 months imprisonment. *Id.* at 427, 615 S.E.2d at 258-59.

On appeal, this Court determined that the presumptive range for a given offense and prior record level constitutes the "statutory maximum" under *Blakely*. We thus deemed unconstitutional those portions of N.C.G.S. § 15A-1340.16(a)-(c) which permitted judges to find aggravating factors and rely on those factors to sentence above the presumptive range.[6] *Id.* at 438-39, 615 S.E.2d at 265. We stressed, though, that our ruling did not impair provisions of N.C.G.S. § 15A-1340.16 governing a trial court's ability to find mitigating factors and allowing the judge to balance them against aggravating factors. *Id.* at 439, 615 S.E.2d at 266. Having also concluded *Blakely* errors are structural errors not susceptible to harmless error analysis, this Court remanded for a new sentencing hearing. *Id.* at 449, 615 S.E.2d at 272. *But see Washington v. Recuenco,* 2006 WL 1725561 (U.S. June 26, 2006) (holding *Blakely* errors are subject to harmless error analysis).

While neither *Blakely* nor *Allen* addresses the precise issue presented here, *Blakely* does establish a bright-line rule for appellate courts tasked with deciding whether an instance of judicial fact-finding contravenes the Sixth Amendment. The dispositive question for *Blakely* purposes is whether the "jury's verdict alone . . . authorize[d] the sentence." 542 U.S. at 305. Put differently, could the trial court have pronounced the same sentence without the judicial finding? Contrary to the opinion of the Court of Appeals majority, *Blakely* stands for the proposition that a judge does not "exceed his proper authority" until he "inflicts [enhanced] punishment . . . the jury's verdict alone does not allow." *Id.* at 304; *see also United States v. Booker,* 543 U.S. 220, 232 (2005) (stating the right to jury trial "is implicated whenever a judge seeks to impose a sentence that is not solely based on 'facts reflected in the jury verdict or admitted by the

---

6. The General Assembly has attempted to make the Structured Sentencing Act *Blakely* compliant. *See* Act of July 21, 2005, ch. 145, 2005 N.C. Sess. Laws 225. As amended, the Act generally permits a trial court to sentence a defendant in the aggravated range only if (1) the defendant has admitted to the existence of an aggravating factor or (2) a jury has found the existence of an aggravating factor beyond a reasonable doubt. N.C.G.S. § 15A-1340.16(a1), (a3) (2005).

defendant' " (quoting *Blakely*, 542 U.S. at 303 (emphasis deleted))). Hence, the Supreme Court ruled in favor of the *Blakely* defendant, not because the trial judge made the disputed finding, but because he relied on the finding to impose an exceptional sentence of ninety months. *Blakely*, 542 U.S. at 304.

The Supreme Court's treatment of the antecedent *Apprendi* decision confirms this reading of *Blakely*. Some of *Apprendi's* language arguably suggests that judicial findings violate the Sixth Amendment if they expose a defendant to a sentence above the statutory maximum, regardless of the actual punishment inflicted. *See, e.g., Apprendi*, 530 U.S. at 482-83 (criticizing "legislative scheme[s] that remove[] the jury from the determination of a fact that, if found, exposes the criminal defendant to a penalty exceeding the [statutory] maximum" (emphasis deleted)). Perhaps recognizing this, the Court used *Blakely* to clarify the holding of *Apprendi*: "In [*Apprendi*], we concluded that the defendant's constitutional rights had been violated *because the judge had imposed a sentence greater than the maximum he could have imposed under state law without the challenged factual finding*." 542 U.S. at 303 (emphasis added).

Like *Apprendi*, *Allen* contains wording one could quote to bolster the position of the Court of Appeals. *See, e.g.*, 359 N.C. at 439, 615 S.E.2d at 266 (holding unconstitutional those portions of the Structured Sentencing Act "which *permit* the judge to impose an aggravated sentence after finding . . . aggravating factors by a preponderance of the evidence" (emphasis added)). *But see* 359 N.C. at 444 n.5, 615 S.E.2d at 269 n.5 (noting the Sixth Amendment demands that a jury find aggravating factors "only when the defendant is sentenced beyond the statutory maximum defined by *Blakely*"). Just as the Supreme Court refined the holding of *Apprendi* in *Blakely*, however, this Court has honed its approach to alleged *Blakely* errors in a line of cases following *Allen*.

In *State v. Speight*, 359 N.C 602, 614 S.E.2d 262 (2005), filed the same day as *Allen*, a jury convicted the defendant of two counts of involuntary manslaughter and one count of driving while impaired. 359 N.C. at 604, 614 S.E.2d at 263. The trial court sentenced the defendant in the aggravated range after finding statutory and nonstatutory aggravating factors. *Id.* This Court affirmed the decision of the Court of Appeals remanding for a new sentencing hearing and articulated exactly when *Allen* will be invoked to invalidate a sentence.

STATE v. NORRIS

[360 N.C. 507 (2006)]

[T]he rationale in *Allen* applies to all cases in which (1) a defendant is constitutionally entitled to a jury trial, and (2) a trial court has found one or more aggravating factors *and [has] increased a defendant's sentence beyond the presumptive range without submitting the aggravating factors to a jury.*

359 N.C. at 606, 614 S.E.2d at 264 (emphasis added).

Consistent with *Speight*, in *State v. Blackwell*, 359 N.C. 814, 618 S.E.2d 213 (2005), we declared the judge ran afoul of *Blakely* "by imposing an aggravated sentence . . . after making a unilateral finding that defendant was on pretrial release for another charge when he committed the instant offense." 359 N.C. at 819, 618 S.E.2d at 217. Likewise, in *State v. Hurt*, 359 N.C. 840, 616 S.E.2d 910 (2005), this Court remanded for resentencing "[b]ecause [the] sentence exceed[ed] the 'statutory maximum' and the increased penalty [was] supported only by the judicial findings of fact." 359 N.C. at 845, 616 S.E.2d at 913. Most recently, we ordered a new sentencing hearing in *State v. Forte*, 360 N.C. 427, 629 S.E.2d 137 (2006), upon concluding the trial court had "erred by increasing [the] defendant's sentence beyond the presumptive range [based on its] finding that the victim was physically infirm." 360 N.C. at 446, 629 S.E.2d at 149. Our precedents, then, have interpreted *Blakely* and *Allen* to mean judicial fact-finding does not trigger the Sixth Amendment right to jury trial so long as trial courts sentence inside the presumptive or, *a fortiori*, the mitigated range. Here, the court inflicted punishment within the presumptive range, and consequently, its finding of an aggravating factor did not implicate the Sixth Amendment.

Our holding comports with the concerns that led the Framers to enshrine the right to jury trial in the Bill of Rights. Far from viewing the right as a "mere procedural formality," the Framers considered it "a fundamental reservation of power in our constitutional structure." *Blakely*, 542 U.S. at 305-06. "Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." *Id.* at 306. The *Blakely* decision advances this design "by ensuring that the judge's authority to sentence derives wholly from the jury's verdict." *Id.* This Court in *Allen* and subsequent cases has followed *Blakely* in holding that trial courts are limited to whatever punishment the jury's verdict authorizes.

Although the Structured Sentencing Act directed the trial court to find aggravating and mitigating factors only if sentencing outside the

presumptive range, the court's actions did not jeopardize the values underlying the Sixth Amendment. By expressly identifying those factors before sentencing defendant, the court made explicit what judges do anytime part of a punishment is reserved to their discretion, namely, review the evidence for facts warranting leniency or severity. The Supreme Court has emphasized the right to jury trial is not imperiled when a trial court exercises discretion to punish within the statutory range corresponding to the jury's verdict.

> We should be clear that nothing in th[e] history [of the right to jury trial] suggests that it is impermissible for judges to . . . tak[e] into consideration various factors relating both to offense and offender [] in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

*Apprendi*, 530 U.S. at 481; *see also Booker*, 543 U.S. at 233 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.") We believe the trial court in finding aggravating and mitigating factors merely exercised the discretion our legal system has always demanded of individuals charged with passing judgment on their fellow citizens. Furthermore, we are persuaded the General Assembly expected judges would weigh all evidence relevant to punishment when it established a range of potential sentences for defendant's offense class and prior record level.

## IV. DISPOSITION

Defendant's motion to dismiss is denied. The trial court did not violate defendant's Sixth Amendment right to jury trial when it found a statutory aggravating factor but sentenced defendant within the presumptive range. Accordingly, the decision of the Court of Appeals is reversed.

REVERSED.

Justice TIMMONS-GOODSON took no part in the consideration or decision of this case.