NO. COA13-887

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

STATE OF NORTH CAROLINA

v.                                        Yancey County
                                          No. 10-CRS-304

ROMY VERDAE GEISSLERCRAIN


Appeal by Defendant from judgments entered 10 April 2013 by Judge Marvin P. Pope, Jr., in Yancey County Superior Court. Heard in the Court of Appeals 12 December 2013.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins, for the State.*
>
> *Charlotte Gail Blake, for Defendant.*

DILLON, Judge.

Romy Verdae Geisslercrain ("Defendant") appeals from judgments convicting her of impaired driving and reckless driving to endanger, alleging errors in her sentencing and challenging the trial court's denial of her motion to dismiss for insufficiency of the evidence. We find no error, in part, and we vacate and remand, in part.

I.   Background

The evidence of record tends to show the following:  On the evening of 16 July 2010, Defendant was involved in a single vehicle accident on Highway 19 near Burnsville.  After Defendant had been transported to the hospital, State Trooper Jeremy Carver arrived at the scene where he found Defendant's damaged Ford Ranger truck in the middle of the highway.  Trooper Carver believed that Defendant had likely driven off the right side of the road, after which she tried to jerk her truck back onto the road too quickly, resulting in the truck rolling several times and sustaining approximately $7,000.00 in damage.  Trooper Carver thought the truck may have been going too fast for a curve in the road.

Trooper Carver went to the hospital to speak with Defendant, who told him she had taken medications either the day of the incident or the day before – including Methadone, Clonazepam, and Adderall.  She also admitted to Trooper Carver that she had been drinking alcohol.  Trooper Carver believed that Defendant had consumed a sufficient quantity of impairing substances to appreciably impair her mental and physical faculties.

Defendant was indicted on charges of impaired driving and reckless driving to endanger.  After her conviction in District

Court, Defendant appealed to Superior Court, where a jury found her guilty of both charges.

During sentencing, the trial court determined, without submitting the question to a jury, that an aggravating factor existed, specifically, that "[t]he negligent driving of [D]efendant led to an accident causing property damage of $1,000.00 or more[.]" The trial court further determined that a mitigating factor existed, specifically, that "[D]efendant has a safe driving record[.]" The trial court determined that the aggravating factor was substantially counterbalanced by the mitigating factor, and, therefore, declared that "a Level Four punishment shall be imposed."

The trial court entered two written judgments, one for each conviction. The written judgment for the impaired driving conviction reflects that the trial court was sentencing Defendant as a Level Four offender, but then actually sentenced her to a minimum and maximum sentence of twelve months incarceration, which is above the range of Level Four punishments. Nonetheless, as reflected on the written judgment, the trial court suspended the active sentence on the condition that she be placed on twelve months supervised probation.

The trial court also entered a written judgment on Defendant's reckless driving to endanger conviction, sentencing her to ten days incarceration, which the trial court suspended on the condition that she be placed on twelve months supervised probation, to be served concurrently with the sentence for her impaired driving conviction. Defendant appeals from both judgments.

## II. Analysis

Defendant argues on appeal that the trial court erred in denying her motion to dismiss her impaired driving conviction and also committed errors with regard to her sentence. We address each argument below.

## A: Motion to Dismiss

Defendant argues that the trial court erred by denying her motion to dismiss the charge of reckless driving. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is

properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (citation and quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

N.C. Gen. Stat. § 20-140(a) and (b) provide two definitions of reckless driving. A person may violate N.C. Gen. Stat. § 20-140 by either of the courses of conduct defined in subsection (a) and (b), or in both respects. *State v. Dupree*, 264 N.C. 463, 142 S.E.2d 5 (1965). Most pertinent to this case, subsection (b) provides the following: "Any person who drives any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving." *Id.*

On appeal, Defendant specifically argues the trial court erroneously denied her motion to dismiss because the evidence shows that she merely failed to keep a reasonable lookout. "Mere failure to keep a reasonable lookout does not constitute reckless driving[;] [t]o this must be added dangerous speed or perilous operation." *State v. Dupree*, 264 N.C. 463, 466, 142 S.E.2d 5, 7 (1965). We disagree and believe that there was substantial evidence in this case to support the elements of reckless driving, and, when viewed in the light most favorable to the State, that there was more than a mere failure to keep a reasonable lookout. Specifically, the State presented evidence that Defendant was intoxicated; that all four tires of Defendant's vehicle had gone off the road; that distinctive "yaw" marks were left on the road indicating that Defendant had lost control of the vehicle; that Defendant's vehicle overturned twice; and that the vehicle traveled 131 feet from the point it went off the road before it flipped, and another 108 feet after it flipped. Therefore, the trial court did not err by denying Defendant's motion. *See, e.g., State v. Coffey*, 189 N.C. App. 382, 387, 658 S.E.2d 73, 77 (2008); *see generally Bank v. Lindsey*, 264 N.C. 585, 587, 142 S.E.2d 357, 360 (1965) (stating that "operation of [a vehicle] in a drunken condition

constituted a driving of it upon the public highway without due caution and circumspection and in a manner so as to endanger persons or property, and was reckless driving within the intent and meaning of G.S. § 20-140(b)"). Accordingly, Defendant's argument is overruled.

## B: Sentencing

Defendant contends that there were reversible errors regarding the sentencing on her impaired driving conviction as a Level Four offender. Specifically, Defendant argues that (1) the trial court erred in determining the existence of an aggravating factor, rather than submitting this issue to the jury; (2) she did not receive proper notice that the State would be seeking aggravating factors; and (3) her sentence was outside (above) the Level Four punishment range. We address each argument below.

### i. Trial Court's Finding of Aggravating Factor

Defendant argues the trial court committed reversible error by determining, *itself*, that an aggravating factor existed, rather than submitting the aggravating factor to the jury for determination, citing the United States Supreme Court decision *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004) in which that Court applied the rule it stated in *Apprendi v. New*

*Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000) – that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to the jury and proved beyond a reasonable doubt" – to aggravating factors. *Blakely*, 542 U.S. at 301, 159 L. Ed. 2d at 412. We agree.

Sentencing defendants convicted of impaired driving is governed by N.C. Gen. Stat. § 20-179 (2011). Under G.S. § 20-179, there are six sentencing ranges. Like the sentencing scheme found in the Structured Sentencing Act, codified at N.C. Gen. Stat. § 15A-1340.16 (2011), a defendant's sentencing range under N.C. Gen. Stat. § 20-179 is determined by the existence and balancing of aggravating and mitigating factors. However, the trial court is afforded much less discretion in sentencing under N.C. Gen. Stat. § 20-179 than under the Structured Sentencing Act. *See State v. Weaver*, 91 N.C. App. 413, 415-16, 371 S.E.2d 759, 760 (1988) (stating that the sentencing scheme found in N.C. Gen. Stat. § 20-179 is "quite systematic and tiered, thus leaving little room to exercise discretion").

The three most severe punishment levels under N.C. Gen. Stat. § 20-179, which are Aggravated Level One, Level One, and Level Two, are imposed only where a "grossly aggravating factor"

is found to exist. Where there are no grossly aggravating factors present, a defendant convicted of impaired driving must be sentenced in one of the three remaining ranges, namely, either under Level Three, Level Four, or Level Five. *See id.*

In the present case, no grossly aggravating factors were found to exist, so the trial court was required to determine whether a Level Three, Level Four, or Level Five punishment was appropriate by weighing those factors pursuant to N.C. Gen. Stat. § 20-179(f). Under N.C. Gen. Stat. § 20-179(f)(1), if the trial court determines that "[t]he aggravating factors substantially outweigh any mitigating factors," the trial court *must* impose a Level Three punishment. We also believe that if there are only aggravating factors present – and no mitigating factors present – then the aggravating factors "substantially outweigh" the mitigating factors (as there are none) as a matter of law, and the trial court *must* impose a Level Three punishment. *See id.*

Likewise, if the trial court determines that "[t]he mitigating factors substantially outweigh any aggravating factors," the trial court *must* impose a Level Five punishment. N.C. Gen. Stat. § 20-179(f)(3). And if there are only

mitigating factors present – and no aggravating factors present – the trial court *must* impose a Level Five punishment. *See id.*

If there are no aggravating or mitigating factors present or, alternatively, if the aggravating and mitigating factors are "substantially counterbalanced," then the trial court *must* impose a Level Four punishment. N.C. Gen. Stat. § 20-179(f)(2).

In this case, the trial court sentenced Defendant to a Level Four punishment, concluding that the single aggravating factor, which the trial court, and not the jury, found, was substantially counterbalanced by the single mitigating factor. If the aggravating factor had not been considered by the trial court, then there would have been only the single mitigating factor present; and the trial court would have been *required* to sentence Defendant to a Level Five punishment. *See* N.C. Gen. Stat. § 20-179(f)(3). Accordingly, the aggravating factor in this case, which was improperly found by the judge, "increase[d] the penalty for [the] crime beyond the prescribed maximum," *Blakely*, *supra*, and Defendant's Level Four punishment must be vacated.

The State, however, argues that no *Blakely* error occurred because a Level Four punishment is similar to a defendant being sentenced within the presumptive range under the Structured

Sentencing Act. Our Supreme Court has held that, in the context of a defendant sentenced under the Structured Sentencing Act, *Blakely* is not implicated when a trial court improperly finds aggravating factors, rather than submitting those factors to the jury, so long as the defendant is sentenced within the presumptive range, reasoning that a trial judge "does not exceed his proper authority until he inflicts [enhanced] punishment . . . the jury's verdict alone does not allow." *State v. Norris*, 360 N.C. 507, 514, 517, 630 S.E.2d 915, 919, 921, *cert. denied*, 549 U.S. 1064, 166 L. Ed. 2d 535 (2006) (holding that "[t]he trial court did not violate defendant's Sixth Amendment right to a jury trial when it found a statutory aggravating factor but sentenced defendant within the presumptive range")(citation and quotation marks omitted).

*Norris* is not applicable to the present case. Under the Structured Sentencing Act the trial court has the discretion to sentence a defendant within the presumptive range even where only mitigating factors are properly found. However, in the context of the sentencing scheme in N.C. Gen. Stat. § 20-179, the trial court does not have the discretion to sentence a defendant to a Level Four punishment where only mitigating factors are properly found, but rather, it is required to

sentence the defendant to a Level Five punishment. In other words, where a defendant is sentenced under the Structured Sentencing Act within the presumptive range where mitigating factors are present, *Blakely* is not implicated if the trial court *itself* – and not the jury – finds aggravating factors to exist as well. This is because the trial court had the authority to sentence the defendant within the presumptive range even without finding aggravating factors to counterbalance the mitigating factors. However, under G.S. § 20-179, the trial court has no discretion to sentence a defendant to a Level Four punishment where only mitigating factors are properly found to exist. Therefore, in this case, *Blakely* has been implicated because, without the presence of an aggravating factor, the trial court was required to sentence Defendant to a Level Five punishment, a sentence which could not have been enhanced to a Level Four punishment without the jury finding the aggravating factor - which had been improperly found by the trial court - beyond a reasonable doubt.

The State also argues that we are bound by our decision in *State v. Green*, 209 N.C. App. 669, 707 S.E.2d 715 (2011). *Green* involved a prosecution for impaired driving where two aggravating factors and two mitigating factors were found to

exist, and the defendant was sentenced to a Level Four punishment. *Id.* at 681, 707 S.E.2d at 723-24. On appeal, the defendant argued that the trial court had inappropriately found one of the two aggravating factors instead of submitting that factor to the jury. *Id.* The defendant made no argument that the trial court inappropriately found the other aggravating factor, which involved the defendant's driving record[1]. *Id.* Accordingly, the defendant was effectively arguing that there was only one valid aggravating factor, instead of two, which, by itself, did not substantially counterbalance the two mitigating factors. *Id.* at 681-82, 707 S.E.2d at 723-24. This Court, specifically relying on the rationale in *Norris*, expressly held that the "level four punishment imposed by the trial court [under G.S. § 20-179] was tantamount to a sentence within the presumptive range [in a structured sentencing case], so that the trial court did not enhance defendant's sentence even after finding aggravating factors [and, therefore,] *Blakely* is not implicated." *Id.* at 681-82, 707 S.E.2d at 724.

We hold *Green* is distinguishable from the present case. In *Green*, even with the error, there remained one valid aggravating

---

[1] We note that *Blakely* is not implicated where the fact found by the trial court, and not the jury, which is used to enhance a defendant's punishment is the existence of a prior conviction.

factor to counterbalance the two mitigating factors. *See id.* Even where only one aggravating factor, rather than two, is found along with two mitigating factors, the trial court still has the discretion to sentence the defendant to a Level Four punishment since it could have determined, within its discretion, that the one aggravating factor "substantially counterbalanced" the two mitigating factors. However, in the present case, without any aggravating factors properly found, the trial court had no discretion but to sentence Defendant to a Level Five punishment. Accordingly, we believe that this Court's rationale in *Green* does not apply.

## ii. Notice

Defendant contends the State failed to provide notice that it intended to seek aggravating factors as required by N.C. Gen. Stat. § 20-179(a1)(1). We agree that the State's failure to provide the required notice was error.

N.C. Gen. Stat. § 20-179(a1)(1) provides the following with regard to notice of aggravating factors:

> If the defendant appeals to superior court, and the State intends to use one or more aggravating factors under subsections (c) or (d) of this section, the State must provide the defendant with notice of its intent. The notice shall be provided no later than 10 days prior to trial and shall contain a plain and concise factual statement

indicating the factor or factors it intends to use under the authority of subsections (c) and (d) of this section. The notice must list all the aggravating factors that the State seeks to establish.

On appeal, the State does not dispute that it failed to provide proper notice; but rather, since Defendant was sentenced to a Level Four punishment, which the State argues is a "presumptive" sentence, the State's failure to provide notice was harmless error. However, because we have concluded that a Level Four punishment in this case was inappropriate, the State's argument must fail.

Generally, when the State has failed to provide proper notice pursuant to N.C. Gen. Stat. § 20-179(a1)(1), this Court has vacated Defendant's sentence and remanded for resentencing. *State v. Reeves*, __ N.C. __, 721 S.E.2d 317 (2012). In *Reeves*, this Court stated, "[i]t is evident that the State failed to provide Defendant with the statutorily required notice of its intention to use an aggravating factor under N.C.G.S. § 20-179(d). We must therefore vacate Defendant's sentence as to the DWI charge and remand to the trial court for resentencing." *Id.* at __, 721 S.E.2d at 322.

Following our rationale in *Reeves* and other decisions of this Court, we believe the proper resolution in the present case

is to remand the matter to the trial court, directing it to resentence Defendant to a Level Five punishment.

### iii. Sentence Outside the Level Four Punishment Range

Defendant argues that the trial court improperly sentenced her to a punishment outside the Level Four range. However, having concluded that Defendant's punishment must be vacated and this matter remanded for resentencing in the Level Five range, we conclude that Defendant's argument is moot and, therefore, do not address its merits.

### III. Conclusion

Based on the foregoing, the trial court erred by sentencing Defendant to a Level Four punishment on her conviction of impaired driving. Accordingly, we vacate and remand the judgment on this charge only, directing the trial court to resentence Defendant to a Level Five punishment. Otherwise, we find no error.

NO ERROR, in part; VACATED and REMANDED, in part.

Judge STROUD and Judge HUNTER, JR. concur.