STATE OF NORTH CAROLINA v. BOBBY GENE BLACK

No. 7727SC489

(Filed 7 December 1977)

1. Narcotics § 4— sale of marijuana to agent alleged—proof of sale to agent sufficient

   In a prosecution for possession of marijuana with intent to sell and sale of marijuana, there was no variance between the indictment and proof where the indictment alleged that defendant sold marijuana to one Hill, and the evidence showed that defendant sold the marijuana to one Hill in the presence of an intermediary who had arranged the sale and who aided in the exchange of the drugs and money while defendant, Hill and the intermediary were all in the presence of one another.

2. **Criminal Law § 117.4; Narcotics § 4.5— testimony by undercover agent and accomplice—failure to instruct on agent's testimony—error**

　　In a prosecution for possession with intent to sell and sale of marijuana where defendant allegedly sold marijuana to an undercover agent with the help of an intermediary, the trial court erred in failing to instruct the jury as to how they should examine the testimony of the undercover agent, since defendant requested such an instruction, and the giving of an instruction as to the intermediary and refusing to give it as to the undercover agent could have bolstered the agent's testimony in the minds of the jurors.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 10 February 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 20 October 1977.

Defendant was indicted on two bills charging him with (1) the possession or marijuana with intent to sell and (2) the sale of marijuana.

Evidence for the State, viewed in the light most favorable to it, tends to show the following. Vernon Hill was a Deputy Sheriff in Gaston County. At the request of narcotics officers for the City of Gastonia, he agreed to act as an informant and attempt to buy illegal drugs at various places in the city. While so engaged he met a prostitute, Vanda Beheler, who agreed to help him get some marijuana. She took him to defendant's residence. Hill waited at the rear of his vehicle while Beheler went to the door of defendant's residence. She told defendant she had someone out there who wanted to buy marijuana. Defendant then came out of the house and walked over to a truck-camper. Beheler returned to where Hill was standing. Defendant handed Beheler a plastic bag of marijuana. Hill then gave Beheler a $20.00 bill, and she, in turn, handed the money to defendant and the marijuana to Hill. Hill was about eight feet away from defendant when he handed the drugs to Beheler.

Defendant's evidence tended to show that he did not see either Hill or Beheler at his home and that he had never sold drugs to them or anyone else.

The jury returned a verdict of guilty of both charges. Judgment was entered imposing a two-year sentence of imprisonment.

*Attorney General Edmisten, by Associate Attorney George W. Lennon, for the State.*

*Frank Patton Cooke and Rob Wilder, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first argues that his motion for nonsuit should have been allowed. He contends that there is a variance between the allegations in the indictment and the evidence at trial. The indictment alleges a sale to Vernon Hill. Defendant contends that the evidence shows only a sale to Vanda Beheler. Defendant relies on the well-established principle that "where the bill of indictment alleges a sale to one person and the proof tends to show only a sale to a different person, the variance is fatal." *State v. Ingram,* 20 N.C. App. 464, 466, 201 S.E. 2d 532, 534 (1974).

On motion for nonsuit, however, the evidence must be taken in the light most favorable to the State. Hill's testimony tends to show that defendant sold the marijuana to him in the presence of Beheler, that Beheler arranged for the sale and, while all were in the presence of one another, aided in the exchange of the drugs and money. Defendant argues that Beheler's testimony was to the effect that she was given the money by Hill; that she went inside where she received the drugs from defendant, and that defendant did not come out of the house. It is fundamental, however, that on motion to dismiss contradictions in the State's evidence will be disregarded and only the favorable evidence will be considered. Moreover, even Beheler's testimony discloses that she told defendant that someone outside wanted to buy the drugs, thus supporting the inference that defendant knew that she was only an intermediary to the transaction. The motion for nonsuit was properly denied.

[2] In apt time defendant requested a special instruction on the testimony of the undercover agent, Hill, and the prostitute, Beheler, who participated in the sale and purchase of the marijuana. The specific instructions, as requested, were not correct in all respects. Nevertheless, the trial judge is not relieved of his duty to give a correct instruction merely because defendant's request was not altogether correct. *State v. White,* 288 N.C. 44, 215 S.E. 2d 557 (1975).

The court properly instructed the jury as to how they should examine the testimony of the alleged accomplice, Beheler. The court declined, however, to give any special instructions as to how they should consider the testimony of Hill, the deputy who was acting as an informant for the Gastonia Police Department.

> "The general rule is that [upon proper request] the jury should be directed to scrutinize the evidence of a paid detective and make proper allowances for the bias likely to exist in one having such an interest in the outcome of the prosecution . . . ." *State v. Boynton*, 155 N.C. 456, 464, 71 S.E. 341, 344 (1911); *State v. Love*, 229 N.C. 99, 47 S.E. 2d 712 (1948).

We cannot say that the failure to give the appropriate instruction as to the testimony of the informant Hill was harmless. Hill did not know the defendant prior to their brief encounter on the night of the alleged sale. His identification testimony was, nevertheless, unequivocal. Beheler's testimony, on the other hand, was somewhat less persuasive. Defendant and his witnesses not only offered evidence tending to show that he was not present when the alleged sale took place but offered some testimony that could suggest that the seller of the drugs was some other member of his family who had a history of familiarity with the drug traffic. The giving of the instruction as to Beheler and refusing to give it as to Hill could have bolstered Hill's testimony in the minds of the jurors.

After defendant requested the instruction, the court should have instructed the jury in general accordance with the following:

> "You may find from the evidence that State's witness, (*name witness*), is interested in the outcome of this case because of his activities as an [informer] [undercover agent]. If so, you should examine his testimony with care and caution in light of that interest. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence." N.C.P.I. — Crim. § 104.30 (June 1970).

For the reasons stated, defendant will be awarded a new trial.

New trial.

Judges MORRIS and CLARK concur.