STATE OF NORTH CAROLINA v. WANDA TERRY SOWDEN

No. 7912SC1023

(Filed 2 September 1980)

1. **Searches and Seizures § 23– search warrant for narcotics – probable cause**
    An officer's affidavit was sufficient to support a finding of probable cause for the issuance of a warrant to search defendant's home for heroin where it stated that the officer was told by an informant that heroin could be bought from defendant at her home; the officer searched the informant and found no drugs; the officer gave the informant money, went with him to defendant's home, waited outside the home and watched the informant enter the home; the officer watched the informant return from defendant's home; and the informant gave the officer a package containing a white powder which was tested and found to contain heroin.

2. **Bills of Discovery § 6; Criminal Law § 128.2– failure to comply with discovery order – mistrial – discretion of court**
    It should be left to the discretion of the trial court as to whether a mistrial is an "appropriate order" within the meaning of G.S. 15A-910(4) for the State's failure to comply with a discovery order.

3. **Bills of Discovery § 6; Criminal Law § 128.2– failure to disclose defendant's statement – use at trial – denial of mistrial – no abuse of discretion**
    The trial court did not abuse its discretion in the denial of defendant's motion for a mistrial because the State presented evidence of an oral inculpatory statement of defendant which it had not disclosed pursuant to discovery conducted by defendant where the court instructed the jury not to consider such evidence.

4. **Criminal Law § 117.3— instruction on officer as interested witness – no reference to "undercover agent"**

    In a prosecution for possession of heroin with intent to sell and deliver, the trial court did not commit reversible error in failing to refer to an officer as an "undercover agent" in its instructions on the officer as an interested witness.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 5 June 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 March 1980.

Defendant was tried for the possession of heroin with intent to sell and deliver. The State's evidence tended to show that on 8 November 1978 Leroy McLamb, an undercover drug agent with the Cumberland County Sheriff's Department, accompanied an informant to the defendant's home in Fayetteville. The informant went into the home and returned with a package containing heroin. McLamb obtained a search warrant and returned with other officers to the defendant's home. After entering the home, one of the officers observed a package of white powder fall to the floor as the defendant ran to the back of the house. The package contained heroin. The defendant presented no evidence.

From a sentence imposed after the defendant was convicted, the defendant has appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R.B. Matthis and Associate Attorney James C. Gulick, for the State.*

*Assistant Public Defender Rebecca J. Bosley for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to the validity of the search warrant. Defendant contends the evidence seized in the search of her home should have been excluded from evidence because the affidavit by Mr. McLamb was not sufficient for the magistrate to find there was probable cause that

there was heroin in the home. Mr. McLamb said in the affidavit, in substance, that he had been told by an informant that he could buy heroin from the defendant in her home at 602 Hicks Avenue in Fayetteville; that he strip searched the informant and found no currency or narcotics; that he gave the informant money and went with him to 602 Hicks Avenue; that he waited outside the house and watched the informant enter the house; and that he saw the informant come out of the house and return to the presence of Mr. McLamb. Mr. McLamb further stated in the affidavit that the informant then gave him a white powder which was tested and found to contain heroin. The magistrate issued a search warrant.for the residence at 602 Hicks Avenue in Fayetteville based on this affidavit.

The rule governing the issuance of search warrants has been stated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964). As we read that case, a search warrant, to be valid, must be based on factual or circumstantial evidence presented to a neutral and detached judicial officer which provides the judicial officer with a substantial basis to find probable cause that there is evidence on the premises which may be used in a criminal prosecution. A mere affirmance or belief by the affiant that such evidence is present is not enough. We hold that the affidavit of Mr. McLamb, in which he stated that he searched the informant and found no drugs; that he gave the informant currency and watched him enter the residence at 602 ' Hicks Avenue; that he watched the informant return from 602 Hicks Avenue and that the informant then gave Mr. McLamb heroin is evidence from which a magistrate would have a substantial basis to find probable cause that heroin was present at 602 Hicks Avenue.

The defendant urges that the search warrant is invalid under *Aguilar* because there was no basis in the affidavit for judging the reliability of the informant. *Aguilar* stated what has been called the two-pronged test to be used when the affiant is relying on a statement by an informer. We do not believe it has any application in this case because Mr. McLamb was not relying on a statement by an informer. His affidavit was based on things he had observed.

The defendant's first assignment of error is overruled.

The defendant's second assignment of error is to the court's denial of a motion for mistrial. The defendant had conducted pretrial discovery and the State, in furnishing to defendant oral statements made by defendant which might be used at trial, had stated:

"Sowden stated to police that John Medlock lived in the house at 602 Hicks Ave. with her and that he was asleep on the bed 20 mins. before execution of the search warrant."

During the direct examination of Mr. McLamb he testified: "She stated that John Medlock lived there and she wasn't taking all the blame." Upon objection by the defendant, the court instructed the jury to disregard this statement.

[2, 3] It appears from the record that the State violated Article 48 of Chapter 15A by using an oral statement of the defendant which it had not disclosed pursuant to the discovery conducted by the defendant. It appears that the statement given to the defendant pursuant to the discovery did not inculpate her, and the statement to which Mr. McLamb testified did inculpate her. We note from the record that the prosecuting attorney seemed to be as surprised at the testimony as the defendant's attorney. G.S. 15A-910 provides:

If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may:

(1) Order the party to permit the discovery or inspection, or

(2) Grant a continuance or recess, or

(3) Prohibit the party from introducing evidence not disclosed, or

(4) Enter other appropriate orders.

In this case the court instructed the jury not to consider this testimony. The defendant did not request a continuance or

recess. The defendant made a motion for a mistrial. The fourth alternative listed under G.S. 15A-910 is that the court may "[e]nter other appropriate orders." It would appear that this would include the entering of an order for mistrial. We believe it should be left to the discretion of the superior court as to whether a mistrial is an appropriate order. We hold that in this case the court did not abuse its discretion by denying a motion for a mistrial. The court immediately instructed the jury to disregard the testimony. There was other strong evidence of the defendant's guilt. We cannot hold that the defendant suffered prejudicial error by the denial of the motion for mistrial.

[4] Defendant's third assignment of error is to the charge of the court. The defendant requested that the court give an instruction as to Mr. McLamb as an interested witness in accordance with the Pattern Jury Instructions which provide at N.C.P.I. — Crim. 104.30 as follows:

> "You may find from the evidence that State's witness (name witness), is interested in the outcome of this case because of his activities as an (informer) (undercover agent). If so, you should examine his testimony with care and caution in light of that interest. If, after doing so, you believe his testimony in whole or in part, you should treat what you believe the same as any other believable evidence."

The court charged as follows:

> "Now, you may find that Officers McLamb and Baker are interested witnesses; that is to say, that they are interested in the outcome of this trial by reason of their position as investigating and arresting officers, and in deciding whether or not to believe such a witness you should take and may take his interest into account, but if after doing so you believe the testimony of such witness in whole or in part you should treat what you believe the same as any other believable evidence in the case."

The defendant objects to this instruction because the court did not refer to Mr. McLamb as an undercover agent. This Court

has held that a police officer is not an interested witness as a matter of law. *State v. Richardson*, 36 N.C. App. 373, 243 S.E. 2d 918 (1978). It has held it is reversible error not to give an instruction in general accordance with the Pattern Jury Instructions if requested by defendant if an undercover agent is involved. *State v. Black*, 34 N.C. App. 606, 239 S.E. 2d 276 (1977). We do not believe it is reversible error not to refer to the officer as an undercover agent if the charge is otherwise substantially in accord with the Pattern Jury Instructions. We note that in the case sub judice that Mr. McLamb testified he was an undercover agent. It was not in his capacity as an undercover agent, however, that he made the investigation and arrest of the defendant.

We also note that the court in this case varied from the Pattern Jury Instructions in another respect. Rather than instructing the jury to "examine his testimony with care and caution" the court instructed the jury they "should take and may take his interest into account." We believe the charge given was not quite as strong for the defendant as the Pattern Jury Instruction charge. Nevertheless, we hold it is not such a substantial variation as to be reversible error.

No error.

Judges HEDRICK and WELLS concur.