State v. Weaver

———————————

STATE OF NORTH CAROLINA v. HILTON RUDOLPH WEAVER

No. 8830SC45

(Filed 20 September 1988)

Automobiles § 130.1— impaired driving—punishment—aggravating factor of pre-
vious convictions outweighing mitigating factor of five years clean driving
    In the sentencing phase of defendant's trial for unlawfully and willfully
    operating a motor vehicle while subject to an impairing substance in violation
    of N.C.G.S. § 20-138.1, the trial judge acted well within his discretion in find-
    ing that the aggravating factor of three prior convictions of impaired driving,
    though more than seven years before, substantially outweighed the mitigating
    factor of a clean driving record for more than five years prior to the present
    conviction. N.C.G.S. § 20-179(f).

APPEAL by defendant from *Downs, James U., Judge.* Judg-
ment entered 20 August 1987 in Superior Court, HAYWOOD Coun-
ty. Heard in the Court of Appeals 31 May 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorney
General H. Julian Philpott, Jr., for the State.*

*Alley, Hyler, Killian, Kersten, Davis & Smathers, by Patrick
U. Smathers and Robert J. Lopez, for defendant-appellant.*

JOHNSON, Judge.

Defendant's appeal is limited solely to the sentencing phase
of his trial in which he was tried for unlawfully and willfully oper-

ating a motor vehicle while subject to an impairing substance in violation of G.S. sec. 20-138.1.

On 7 February 1987, defendant was charged with the violation hereinabove stated. He was tried before a jury on 20 August 1987 in Superior Court, Haywood County and was found guilty as charged.

During the sentencing phase of the trial, evidence was considered to the effect that defendant had been previously convicted on 27 June 1973 for driving while impaired, on 10 December 1976 for driving while impaired, and on 13 December 1976, also for driving while impaired. The evidence also showed that defendant had been convicted for speeding 75 mph in a 60 mph zone, for speeding 65 mph in a 55 mph zone, for driving on the wrong side of the road, and for speeding 68 mph in a 55 mph zone. These named convictions occurred between 27 June 1973 and 8 August 1980.

The trial court determined that an aggravating factor existed pursuant to G.S. sec. 20-179(d)(5) in that defendant had at least one prior conviction for driving while impaired which occurred more than seven years before the date of the present offense. The court found as a mitigating factor that defendant had a safe driving record, having had no convictions of any serious motor vehicle offenses for which at least four points are assigned under G.S. sec. 20-16(c), or for which defendant's license was subject to revocation, within five years of the date of the present offense, as specified in G.S. sec. 20-179(e)(4).

After having determined that the aggravating factor substantially outweighed the mitigating factor, the trial court imposed a level three punishment. Defendant was sentenced to six months imprisonment, suspended for a period of two years, on condition that he be placed on unsupervised probation for two years and that he serve thirty days in the Haywood County jail. From this sentence, defendant appeals.

On appeal, defendant contends that the trial court erred by imposing level three punishment when under the present facts, the aggravating factor did not substantially outweigh the mitigating factor. We do not agree. The substance of defendant's argument is that it was not the legislature's intent to vest the trial

court judge with the same broad discretionary powers in making the first step determination, concerning the selection of the level of punishment to impose in impaired driving cases, as that afforded trial court judges in the actual sentencing scheme under the Fair Sentencing Act. Defendant's argument is limited to the first step of the sentencing process, as he does not disagree with the discretionary powers which the trial judge possesses in selecting the actual punishment within the maximum and minimum levels prescribed pursuant to G.S. secs. 20-179(g)-(l).

G.S. sec. 20-179(a) states in pertinent part that "[a]fter a conviction for impaired driving under G.S. sec. 20-138.1, the judge must hold a sentencing hearing to determine whether there are aggravating or mitigating factors that affect the sentence to be imposed."

G.S. sec. 20-179(f) states in pertinent part that:

If the judge in the sentencing hearing determines that there are no grossly aggravating factors, he must weigh all aggravating and mitigating factors listed in subsections (d) and (e). If the judge determines that:

(1) The aggravating factors substantially outweigh any mitigating factors, he must note in the judgment the factors found and his finding that the defendant is subject to the Level Three punishment and impose a punishment within the limits defined in subsection (i).

In the case *sub judice*, the trial judge found as factors to be considered in sentencing: (a) that no grossly aggravating factors were present; (b) that as an aggravating factor, defendant had at least one prior conviction of an impaired driving offense which occurred over seven years before the date of the present offense charged; and (c) as a factor in mitigation, that defendant has a safe driving record, having no convictions of any serious motor vehicle offense for which at least four points are assessed, or for which defendant's license was subject to revocation, within five years of the date of the present offense. He then imposed a level three punishment as provided in G.S. sec. 20-179(i).

We have no difficulty in assessing the legislature's intent with respect to the level of discretion granted a trial judge in sentencing those convicted of impaired driving offenses. The

statutes governing sentencing are quite systematic and tiered, thus leaving little room to exercise discretion. In fact, as defendant aptly notes, the process resembles "pigeonholing" as the statutes supply the trial judge with the step-by-step formula; i.e., to review the evidence, to determine whether the evidence supports the factors listed in gross aggravation, aggravation, or mitigation, to weigh the factors supported by the evidence, and to determine the level of punishment. We agree with the State's contention that the sentencing scheme under our consideration is not nearly as "arbitrary or capricious" as defendant suggests.

Defendant further argues that a trial judge should be required to follow a strict mathematical formula in order to determine whether the aggravating factors *substantially* outweigh the mitigating factors. Under this scheme, the trial judge would, under most circumstances, be allowed to find that the aggravating factors had *substantially* outweighed the mitigating factors, and vice versa, only if there were a greater number of the factors in question. Although this proposal is riddled with shortcomings, the most glaring error is the oversight of a situation where, as in the case *sub judice*, the number of aggravating and mitigating factors are equal.

We are comfortable with the present sentencing scheme and find the language of the statutes which govern it, with regard to the discretion granted to the trial judge, reasonably discernible. Where it is unclear, we look to the Fair Sentencing Act, G.S. sec. 15A-1340.4 (1983), cases decided thereunder, and to the plain meanings of the terms within the statutes for assistance. *State v. Mack*, 81 N.C. App. 578, 345 S.E. 2d 223 (1986).

It has been held that the balancing of factors in aggravation and mitigation lies within the sound discretion of the sentencing judge, *State v. Goforth*, 59 N.C. App. 504, 297 S.E. 2d 128 (1982), and that the results of the balancing reached by the trial judge will not be disturbed on appeal if record evidence supports the determination. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982).

The plain meaning of the term "substantially" may be found in Black's Law Dictionary 1281 (5th ed. 1979), which defines it as, "[e]ssentially; without material qualification; in the main; in

substance; materially; in a substantial manner. About, actually, competently, and essentially." (Citation omitted.)

With this guidance in mind, we are satisfied in holding that the trial judge acted well within his discretion in finding that under the present facts, the aggravating factor substantially outweighed the mitigating factor. Defendant's three prior convictions of impaired driving, though more than seven years before, were considered to substantially outweigh the fact that he had received no traffic convictions for a period of more than five years prior to the present conviction. We find no abuse of discretion based upon this determination and the level three punishment imposed.

Therefore, we affirm the judgment in all respects.

Affirmed.

Judges PARKER and COZORT concur.