STATE v. SANTON

[101 N.C. App. 710 (1991)]

---

STATE OF NORTH CAROLINA v. DOMINIC THOMAS SANTON

No. 8926SC1286

(Filed 19 February 1991)

1. **Criminal Law § 1185 (NCI4th)— conviction of driving while impaired—level of punishment irrelevant—prior conviction for sentencing under Fair Sentencing Act**

   A conviction of driving while impaired under N.C.G.S. § 20-138.1, irrespective of the level of punishment imposed, constitutes a prior conviction of an offense punishable by more than sixty days' imprisonment for purposes of sentencing under the Fair Sentencing Act.

   **Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 14-15.5.**

2. **Criminal Law § 1214 (NCI4th)— defendant's attempt to get treatment for alcoholism—insufficiency of evidence—no mitigating factor**

   In a prosecution of defendant for manslaughter, driving while impaired, felony death by vehicle, and driving while license revoked, the trial court did not err in refusing to find as a nonstatutory mitigating factor that defendant sought treatment for his alcoholism, since evidence of that factor was not uncontradicted, substantial, and manifestly credible.

   **Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from judgment entered 20 July 1989 by *Judge John M. Gardner* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 7 June 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William B. Ray, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Marc D. Towler, for defendant-appellant.*

PARKER, Judge.

Indicted for manslaughter, driving while impaired, felony death by vehicle, and driving while license revoked, defendant pleaded guilty to involuntary manslaughter, driving while impaired, and driving while license revoked. In sentencing defendant for involuntary manslaughter, the trial court found no mitigating factors and found as aggravating factors that defendant (i) had a prior conviction for driving while impaired and (ii) committed the offense for which he was sentenced while on probation. On appeal defendant's two assignments of error relate to the sentencing phase of his case; we affirm the action of the trial court.

[1] Defendant first contends the trial court erred in finding that his previous conviction for driving while impaired constituted a prior conviction under the Fair Sentencing Act.

Upon his prior conviction of driving while impaired, defendant received Level Five Punishment, the lightest punishment possible under the statute, consisting of a maximum term of sixty days. *See* G.S. 20-179(k). Defendant argues that because his actual punishment could not exceed sixty days, this conviction cannot constitute a prior conviction for purposes of sentencing under the Fair Sentencing Act. We disagree.

A statutory aggravating factor may be found under General Statutes Chapter 15A if "[t]he defendant has a prior conviction . . . for [a criminal offense] punishable by more than 60 days' confinement." G.S. 15A-1340.4(a)(1)o. Under the Motor Vehicle Act of 1937 as amended, the offense of driving while impaired is a misdemeanor punishable by a maximum term of two years. G.S. 20-138.1(d); G.S. 20-179(g).

The level of punishment to be imposed under G.S. 20-179 depends upon the finding of grossly aggravating factors under subsection (c) or the finding of aggravating and mitigating factors under subsections (d) and (e) and the weighing of such factors under subsection (f). Only if mitigating factors are found to apply and substantially to outweigh aggravating factors will a defendant receive Level

STATE v. SANTON

[101 N.C. App. 710 (1991)]

Five Punishment. G.S. 20-179(f)(3). If mitigating factors and aggravating factors are in equipoise, Level Four Punishment, which permits a maximum term of 120 days, is to be imposed. G.S. 20-179(f)(2); G.S. 20-179(j). In determining whether factors in aggravation and factors in mitigation substantially outweigh each other, the trial court acts within its sound discretion. *State v. Weaver*, 91 N.C. App. 413, 417, 371 S.E.2d 759, 761 (1988).

The plain language of the Fair Sentencing Act speaks in terms of potential, not actual, punishment. The word "punishable" means "capable of being punished by law." Webster's Third New International Dictionary 1843 (1971). The Motor Vehicle Act establishes the offense of driving while impaired, not the offenses of Level One, Level Two, or Level Five driving while impaired. We hold, therefore, that a conviction of driving while impaired under G.S. 20-138.1, irrespective of the level of punishment imposed, constitutes a prior conviction of an offense punishable by more than sixty days' imprisonment for purposes of sentencing under the Fair Sentencing Act.

[2] Defendant also contends the court erred in refusing to find as a nonstatutory mitigating factor that defendant sought treatment for his alcoholism.

Failure of a trial court to find a nonstatutory mitigating factor, even when it is supported by uncontradicted, substantial, and manifestly credible evidence, will not be disturbed absent an abuse of discretion. *State v. Holden*, 321 N.C. 689, 697, 365 S.E.2d 626, 630 (1988).

Defendant argued he had sought treatment for his alcoholism. He completed a program at Mercy Hospital and was forced to leave a different treatment program at the time he was charged with manslaughter. He had called several rehabilitation centers, but these were too expensive or would not accept him while his court cases were pending. At the beginning of the sentencing hearing the following exchange took place:

Q. [By the Court] Are you now under the influence of alcohol, drugs, narcotics, medicines, pills or any other intoxicant?

A. [By Defendant] No, sir.

Q. When was the last time you used or consumed any [such] substance?

A. Last weekend, I had a few beers.

We conclude the trial court could have found from all the evidence that evidence of defendant's requested nonstatutory mitigating factor was not uncontradicted, substantial, and manifestly credible. Denial of the request was, therefore, clearly not manifestly or inherently unjust, and the trial court did not abuse its discretion in refusing to find defendant's requested nonstatutory factor in mitigation.

For the reasons foregoing, the action of the trial court is affirmed.

Affirmed.

Judges JOHNSON and PHILLIPS concur.