IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-469

Filed 18 April 2023

Buncombe County, No. 19 CRS 90651

STATE OF NORTH CAROLINA

v.

JASON WILLIAM KING

Appeal by defendant from judgments entered 18 November 2021 by Judge Karen Eady-Williams in Buncombe County Superior Court. Heard in the Court of Appeals 10 January 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Kathryne E. Hathcock, for the State.*

*Caryn Strickland for defendant-appellant.*

ARROWOOD, Judge.

Jason William King ("defendant") appeals from judgments entered upon his convictions of impaired driving and reckless driving. On appeal, defendant contends the trial court erred by: (1) denying his motion to dismiss; (2) sentencing him for the impaired driving conviction following a finding of three aggravating factors that were invalid; and (3) imposing a sentence for his reckless driving conviction that was not authorized by law. Alternatively, defendant asserts an ineffective assistance of

counsel claim based on the sentencing errors. Recognizing that his notice of appeal was insufficient to convey jurisdiction to this Court for the final judgment, defendant has also filed a petition for *writ of certiorari* ("PWC"). In the exercise of our discretion, we grant defendant's petition, and upon review, we vacate and remand for new sentencing hearings on the reckless driving and driving while impaired convictions, but affirm in all other respects.

## I.     Background

On 30 August 2021, following a trial in Buncombe County District Court, defendant was found guilty of driving while impaired, reckless driving, possession of marijuana, and possession of marijuana paraphernalia. The charges were consolidated, and defendant was sentenced at a Level IV to 120-day suspended imprisonment upon completion of seven days active imprisonment and twelve months of supervised probation. Following his conviction, defendant timely appealed his conviction to superior court, as allowed by law.

Thereafter, the appeal, which should have led to defendant's release, was misplaced, and was never entered into the court's system. Due to this oversight, defendant remained in detention for six additional days. While in custody, defendant was not provided his medication, suffered a seizure, and struck his head. Defendant was not provided medical treatment while in custody. Following his release, defendant sought treatment and was diagnosed with a concussion.

Following these events, defendant filed a motion to dismiss on 4 October 2021,

arguing the "flagrant violation of [his] constitutional rights result[ed] in irreparable prejudice to the" preparation of his case requiring dismissal. Defendant filed an additional motion to reconsider or dismiss supported by additional evidence on 9 November 2021. Prior to trial in superior court, the State filed notice that they would be seeking one aggravating factor.

The matter came on for trial in Buncombe County Superior Court on 15 November 2021, Judge Eady-Williams presiding. As an initial matter, the court heard arguments on defendant's motion to dismiss. Specifically, defendant's counsel argued defendant's in-custody seizure resulted in a head injury that damaged his memory and hindered his ability to assist with his defense. Defendant's motion to dismiss was denied, and the trial continued.

On 18 November 2021, a jury found defendant guilty of driving while impaired and reckless driving, but not guilty on all remaining charges. Following the verdicts, the court moved on to sentencing. When sentencing defendant for the driving while impaired conviction, the trial court found no mitigating factors, and three aggravating factors. Specifically, the court found the three aggravating factors to be: (1) defendant's driving was especially reckless; (2) defendant's driving was especially dangerous; and (3) defendant was convicted of death by motor vehicle in August 2015. Therefore, because "the aggravators outweigh[ed] any mitigators[,]" defendant was sentenced at a Level III. Defendant was sentenced to six months imprisonment, suspended for thirty-six months supervised probation with an active three-day prison

term on the impaired driving conviction, and for forty-five days imprisonment suspended for thirty-six months supervised probation on the reckless driving conviction.

On 29 November 2021, defendant filed a notice of appeal from the order denying his motion to dismiss. Understanding this notice of appeal was insufficient to convey jurisdiction to this Court for the final judgment, defendant has also filed a PWC. In our discretion, we allow the PWC and address defendant's appeal on its merits.

## II. Discussion

On appeal, defendant contends the trial court erred by: (1) denying his motion to dismiss; (2) sentencing him for the impaired driving conviction following a finding of three aggravating factors that were invalid; and (3) imposing a sentence for his reckless driving conviction that was not authorized by law. Alternatively, defendant asserts an ineffective assistance of counsel claim based on the sentencing error.

As we grant defendant's PWC and address the merits of his sentencing claims, we do not address his alternative argument of ineffective assistance of counsel. We address each issue in turn.

### A. Motion to Dismiss

Defendant's first argument on appeal is that the trial court erred by denying his motion to dismiss under N.C. Gen. Stat. § 15A-954(a)(4), since there was a "flagrant violation of his constitutional rights" that resulted in "irreparable prejudice

to his case." We disagree.

A trial court's decision on whether a defendant has met the statutory requirements of N.C. Gen. Stat. § 15A-954(a)(4) are conclusions of law, reviewed *de novo*. *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (citation omitted). Under section 15A-954(a)(4), "[t]he court . . . must dismiss the charges stated in a criminal pleading if it determines that: . . . defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." N.C. Gen. Stat. § 15A-954(a)(4) (2022). "As the movant, defendant bears the burden of showing the flagrant constitutional violation and of showing irreparable prejudice to the preparation of his case. This statutory provision 'contemplates drastic relief,' such that 'a motion to dismiss under its terms should be granted sparingly.'" *Williams*, 362 N.C. at 634, 669 S.E.2d at 295 (citation omitted).

Here, defendant argues that the trial court erred in determining any harm was not "irreparable" since his "constitutional rights to participate in his own defense and to decide whether to testify at his trial are absolute, and the denial of such rights [were] [a] structural error." Although defendant argues his rights to be free from "unlawful seizures" and "cruel and unusual punishment" were also violated, he does not explain how these violations have irreparably prejudiced the preparation of his case, and therefore, we do not consider these arguments and only address his argument regarding the alleged structural error.

"The Supreme Court of the United States has previously defined structural error as 'defects which affect the framework within which the trial proceeds, rather than simply an error in the trial process itself.' " *State v. Hamer*, 377 N.C. 502, 506, 858 S.E.2d 777, 780-81 (citation and brackets omitted). Accordingly, the defect must be one which affects " '[t]he entire conduct of the trial from beginning to end[.]' " *Id.* at 506, 858 S.E.2d at 781 (citation omitted) (alterations in original).

> The Supreme Court has noted six instances where structural error had been found: (1) "total deprivation of the right to counsel"; (2) "lack of an impartial trial judge"; (3) "unlawful exclusion of grand jurors of defendant's race"; (4) violation of "the right to self-representation at trial"; (5) violation of "the right to a public trial"; and (6) "erroneous reasonable-doubt instruction to jury."

*Id.* (citations omitted). "The 'highly exceptional' category of structural errors includes, for example, the 'denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt.' " *Greer v. United States*, ___ U.S. ___, ___, 210 L. Ed. 2d 121, 131 (2021) (citation omitted).

Here, defendant did not suffer a constitutional violation that affected the framework of the trial, his entire trial, or his trial at all, as he was not denied the right to testify or participate in his own defense. Defendant was represented by his counsel of choice at all stages of the trial and throughout his appeals. Furthermore, despite defendant's claims that "he was unable to meaningfully participate in his defense or decide whether to testify in his defense at trial" due to his memory loss,

defendant did not testify at his first trial and defense counsel did not argue he planned on testifying at the subsequent trial in superior court. When questioned, defense counsel admitted their argument was "proffered . . . more as 'even if [defendant] wanted to [testify].' " We agree with the trial court that this argument did not rise to the extreme level of irreparable prejudice. Rather, this argument is speculative at best, since defendant did not say he planned to testify, nor did he articulate what his testimony would have shown. *See State v. Salem*, 50 N.C. App. 419, 428, 274 S.E.2d 501, 507 (finding defendant's Fifth Amendment right to due process was not violated because defendant's argument that he was "prejudiced" by the delay in his trial since his memories "faded to the extent that" he was not "capable of clearly recalling the events of the evening[,]" was "hypothetical" as the defendant could not "demonstrate that any evidence lost as a result of faded memories would have been significant or helpful to his defense"), *disc. review denied*, 302 N.C. 401, 279 S.E.2d 355 (Mem) (1981).

Besides this speculative claim, defendant presented no other argument or evidence that he could not assist in his defense. Therefore, defendant did not meet his burden of showing the "flagrant constitutional violation" resulted in "irreparable prejudice to the preparation of his case[,]" such that the drastic measure of dismissal was the only possible relief. *Williams*, 362 N.C. at 634, 669 S.E.2d at 295 (citation omitted).

Additionally, we note that within defendant's appeal and rehearing for the

superior court jury trial, defendant was successfully acquitted of two of the charges he was convicted of at the district court level. These acquittals suggest defendant brought forth a solid defense. Accordingly, the trial court did not err in denying defendant's motion to dismiss.

B.     Sentencing on the Driving While Impaired Conviction

Defendant next argues the trial court erred in considering aggravating factors not authorized by law and in violating the statutory requirements that the State must provide notice of aggravating factors and that such factors must be decided by a jury. We agree that the aggravating factors for driving while impaired sentencing must be decided by a jury and therefore vacate and remand for a new sentencing hearing on the DWI conviction. Accordingly, we do not consider defendant's notice argument.

Prior to December 2006, the trial judge was responsible for holding the sentencing hearing "to determine whether there [were] aggravating or mitigating factors[.]" 1998 N.C. Sess. Laws 592, 618, ch. 182, § 20-179(a). This statute was amended on 1 December 2006, and took the determination of aggravating factors out of the hands of the trial judge and placed it with the jury. 2006 N.C. Sess. Laws 1178, 1207, ch. 253, § 20-179(a1)(2). Under our current DWI sentencing statute, "*only* a jury may determine if an aggravating factor is present[,]" and "[t]he State bears the burden of proving beyond a reasonable doubt that an aggravating factor exists[.]" N.C. Gen. Stat. § 20-179(a1)(2) (2022) (emphasis added). Understanding the

significance of the timing of these changes in relation to the relevant caselaw is crucial, accordingly we provide a brief history.

In *Blakely v. Washington,* 542 U.S. 296, 304, 159 L. Ed. 2d 403, 414 (2004), the Supreme Court of the United States held that "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." The Supreme Court of the United States later found that "[f]ailure to submit a sentencing factor to the jury . . . [wa]s not a structural error." *Washington v. Recuenco*, 548 U.S. 212, 222, 165 L. Ed. 2d 466, 477 (2006). "Pursuant to *Recuenco*, our Supreme Court has held that the Sixth Amendment error committed in North Carolina when a judge, rather than a jury, finds an aggravating factor is subject to harmless error review." *State v. Speight*, 186 N.C. App. 93, 96, 650 S.E.2d 452, 455 (2007) (citation omitted). In *State v. Blackwell*, our Supreme Court held "[t]here is no meaningful difference between having a procedural mechanism and not using it, and not having a procedural mechanism at all[,]" and applied the harmless error analysis for failure to submit an aggravating factor to the jury under Chapter 15A of our statutes. *State v. Blackwell*, 361 N.C. 41, 46-49, 638 S.E.2d 452, 456-58 (2006), *cert. denied*, 550 U.S. 948, 167 L. Ed. 2d 1114 (2007).

The harmless error rule was thereafter applied in the context of DWI sentencing by this Court in *State v. McQueen*. *State v. McQueen*, 181 N.C. App. 417, 423, 639 S.E.2d 131, 135, *writ denied, disc. review denied, appeal dismissed*, 361 N.C.

365, 646 S.E.2d 535 (Mem) (2007). There, we held that "despite the exclusion of a procedural mechanism in the North Carolina General Statutes for the submission of aggravating factors in a charge of driving while impaired, a common law procedural mechanism existed through the use of a special verdict[,]" and based on the *Blackwell* holding that the presence or absence of a procedural mechanism was irrelevant, harmless error was applicable. *Id.* at 423, 639 S.E.2d at 135.

Interestingly, we noted in *McQueen* that the "procedure for aggravating factors to be proven to a jury under" Chapter 15A of our statutes, the relevant statute in *Blackwell*, was enacted by our legislature, "[i]n response to the ruling in *Blakely*," but that change did "not apply to cases involving a charge of driving while impaired" and was therefore inapplicable. *Id.* at 422, 639 S.E.2d at 134. Significantly, *McQueen* was decided prior to the 1 December 2006 amendment to N.C. Gen. Stat. § 20-179(a1)(2).

Thereafter, in a case decided after the statute was amended, this Court agreed with the defendant in *State v. Geisslercrain* that "the trial court committed reversible error by determining, *itself*, that an aggravating factor existed, rather than submitting the aggravating factor to the jury for determination, citing" *Blakely*. *State v. Geisslercrain,* 233 N.C. App. 186, 190, 756 S.E.2d 92, 95 (2014) (emphasis in original). In *Geisslercrain*, the trial court found one aggravating factor without submitting the issue to the jury as statutorily required and found one mitigating factor. *Id.* at 188, 756 S.E.2d at 93. In its analysis, this Court did not apply harmless

- 10 -

error and evaluate whether evidence to support such a factor existed but decided the finding of that factor placed the defendant at another DWI Level punishment, violating *Blakely*, and therefore vacated the sentence. *Id.* at 191, 756 S.E.2d at 95.

While prior cases like *Blackwell* and *McQueen* have comported with the constitutional standard set out in *Recuenco*, it is well-settled that "the United States Constitution is the floor of constitutional protections in North Carolina, not the ceiling." *Mole' v. City of Durham*, 279 N.C. App. 583, 598, 866 S.E.2d 773, 785, (citing *State v. Carter*, 322 N.C. 709, 713, 370 S.E.2d 553, 555 (1988)), *review allowed sub nom. Mole v. City of Durham*, ___ N.C. ___ , 868 S.E.2d 851 (Mem) (2022). As such, our legislature is free to provide more protection than constitutionally required and their decision to do so by amending the relevant statute cannot be ignored.

"The best indicia of legislative intent are the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish." *M.E. v. T.J.*, 275 N.C. App. 528, 547, 854 S.E.2d 74, 94 (2020) (brackets, internal quotation marks, and citation omitted), *aff'd as modified*, 380 N.C. 539, 869 S.E.2d 624 (2022). The statute here unequivocally states that "*only a jury* may determine if an aggravating factor is present." N.C. Gen. Stat. § 20-179(a1)(2) (emphasis added). It is without question based on the previous version of the statute that the intent of this modification was to take the decision of aggravating factors out of the judge's hands and place it solely with the jury, likely to provide defendants the protections articulated in *Blakely*. *See McQueen*, 181 N.C. App. at 422, 639 S.E.2d at 134.

Since the relevant federal cases provide the bare minimum, and all relevant state cases are distinguishable because they were decided prior to the modification of the statute where it is clear from the timing and language of the statute that the legislature intended to change the standards adopted by our courts, we hold aggravating factors must be decided by the jury or the case must be remanded for a new sentencing hearing. Accordingly, we vacate the trial court's judgment and remand for a new sentencing hearing.

### C. Sentencing on the Reckless Driving Conviction

Lastly, defendant argues, and the State concedes, that defendant is entitled to a new sentencing hearing on the reckless driving conviction. The relevant statute states, in pertinent part:

> Unless the court makes specific findings that longer or shorter periods of probation are necessary, the length of the original period of probation for offenders sentenced under Article 81B shall be as follows:
>
> (1) For misdemeanants sentenced to community punishment, not less than six nor more than 18 months.

N.C. Gen. Stat. § 15A-1343.2(d)(1) (2022). Thus, the trial court is required to make specific findings if they sentence a defendant to a community punishment for more than 18 months. *Id.*

Here, the court did not include any specific findings when it sentenced defendant to a suspended community punishment with supervised probation for 36 months. Accordingly, we must vacate the judgment and remand for a new sentencing

hearing on defendant's reckless driving conviction. *See State v. Branch*, 194 N.C. App. 173, 178-79, 669 S.E.2d 18, 22 (2008) (remanding for resentencing since the trial court "made no findings as to why the probationary period imposed was in excess of the statutory framework laid out in section 15A-1343.2(d)(1)").

## III.   Conclusion

For the foregoing reasons, we vacate the judgments on the driving while impaired and reckless driving convictions, and remand for new sentencing hearings on these issues, but affirm in all other respects.

VACATED AND REMANDED IN PART; AFFIRMED IN PART.

Judge WOOD concurs

Judge GORE dissents by separate opinion.

GORE, Judge, dissenting.

I respectfully dissent in part from the majority's holding to vacate and remand for a new sentencing hearing for the driving while impaired ("DWI") conviction. Accordingly, I review the facts of this case and the overwhelming evidence as one that questions whether the harmless error analysis is applicable since the 2006 amendment of N.C. Gen. Stat. § 20-179 (2006).

The majority accurately restates the chronology within Section II. B. as it relates to the amendment to Section 20-179 and the history of *Blakely v. Washington*. However, I disagree with their conclusion harmless error no longer applies. The question that escapes review is whether harmless error is still applicable in cases with overwhelming evidence that would allow a jury to find aggravating factors beyond a reasonable doubt.

The majority agrees with defendant that the codification of *Blakely* in Section 20-179(a1)(2) has the effect of reversible error and eliminates the consideration of harmless error review. In relying on this interpretation of the statute, the majority notes the language in *McQueen* in which we discussed it was notable the statutory procedure requiring "only a jury . . . determine if an aggravating factor is present in an offense" in Chapter 15A was inapplicable to DWI cases. N.C. Gen. Stat. § 15A-1340.16(a1) (2006); *McQueen*, 181 N.C. App. at 422, 639 S.E.2d at 134. Notably, the

exact language used to codify *Blakely* in Chapter 15A, is also used in the amendment of Section 20-179(a1)(2). *Cf.* N.C. Gen. Stat. § 15A-1340.16(a1). The majority then states the timing of the amendment to section 20-179(a1)(2) occurring after both *Blackwell* and *McQueen*, indicates the legislature intended to increase the protections afforded to defendants through its plain language "only a jury" and in so doing remove this decision completely from the judge.

Yet in *Blackwell*, our Supreme Court addressed this similar time frame and this exact language after the legislature amended Chapter 15A to codify *Blakely*. In *Blackwell*, the defendant relied on dicta from *Recuenco* to argue the lack of a statutory procedural mechanism should limit harmless error review. *Blackwell*, 361 N.C. at 45–46, 638 S.E.2d at 456. In response to this argument, the Court recognized that despite the missing amendment at the time of defendant's trial, common law procedural mechanisms in the form of special verdicts were available in North Carolina courts and dispelled any argument to "transform otherwise harmless error into reversible error." *Id.* at 46–48, 638 S.E.2d at 456–57.

We also expounded on this concept in *McQueen*, when the defendant once again attempted to argue a lack of procedural mechanism since there was no language within section 20-179 at the time to require only a jury to determine the aggravating factors. *McQueen*, 181 N.C. App. at 422–23, 639 S.E.2d at 134–35. We determined in *McQueen*, though section 20-179 lacked the statutory procedural mechanism at the time, we could rely upon the "common law procedural mechanism" to then proceed to

- 15 -

harmless error review. *Id.* at 423, 639 S.E.2d at 135.

While *Blackwell* and *McQueen* were cases decided prior to the amendment to section 20-179(a1)(2), they still provide a direction for this Court to apply the amended section 20-179(a1)(2) given the exact language was used to amend section 15A-1340.16(a1). I interpret the amendment as a provision to address the missing statutory procedural mechanism and eliminate the Court's reliance on a common law procedural mechanism. Accordingly, I believe the majority's reasoning interprets section 20-179(a1)(2) beyond what the legislature intended when it codified *Blakely*, as it previously had done in Chapter 15A. The trial court's failure to abide by this statutory mechanism leads to harmless error review, not reversible error.

Since section 20-179 now provides a statutory procedural mechanism to satisfy the suggested requirements under *Blakely*, *Recuenco,* and *Blackwell*, the harmless error standard should be applied because such error is not considered structural error when there is a procedural mechanism in place, whether common law or statutory. Under harmless error review, I review the record evidence of the present case to determine if it "was so overwhelming and uncontroverted that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Blackwell*, 362 N.C. at 49, 638 S.E.2d at 458 (quotation marks and citations omitted). The following evidence was presented: defendant's car crossed the center line multiple times, his car crossed the fog line multiple times, his car caused oncoming vehicles to swerve to avoid collision, he stopped at a green light, he slammed on his

brakes to avoid collision with a school bus, his car collided with a construction barrel and he continued to drive, his car swerved and almost hit a construction worker who was directing traffic, he slammed on his brakes with each stop, and he drove at "erratic speeds."

Accordingly, the trial court's error was harmless beyond a reasonable doubt, since the evidence was "uncontroverted and overwhelming," thus, "[t]here can be no serious question that if the instant case were remanded to the trial court for a jury determination of the [especially reckless] aggravating factor presented, the [S]tate would offer identical evidence in support of that aggravator . . . ." *Id.* at 51, 638 S.E.2d at 459. Further, the existence of the especially reckless aggravating factor was enough to allow the trial judge to find a level three sentence, since there was no mitigating factor. *See* N.C. Gen. Stat. § 20-179(f)(1) (2021).

For the foregoing reasons, I would hold the error as harmless on the issue of sentencing for the DWI conviction. Thus, I respectfully dissent in part.